STATE OF WEST VIRGINIA

*v.*

SAMUEL MARTIN CANBY

(NOS. 13944 AND 13945)

Decided February 20, 1979.

*Steven M. Askin, Radosh & Askin,* for Canby.

*Chauncey H. Browning,* Attorney General, *Michael G. Clagett,* Assistant Attorney General, for the State.

NEELY, JUSTICE:

These cases, consolidated on appeal, arise from the convictions of the appellant, Samuel Martin Canby, on two separate indictments for second degree arson[1] in the Circuit Court of Berkeley County. Appellant was arrested at his home on July 16, 1975 without a warrant and was immediately taken to the Berkeley County Jail for questioning at which time he orally confessed to participation in numerous barn burnings. Not until twenty-three hours after his arrest was he taken before a Justice of the Peace. He seeks reversal in this Court contending that the oral confession was improperly ad-

---

[1] Second degree arson applies to the burning of buildings or structures which are not dwellings or are not parcel of or connected to dwellings. *W.Va. Code,* 61-3-2 [1935] referring to *W.Va. Code,* 61-3-1 [1935].

mitted at his trials because it was the direct result of an illegal arrest and was obtained without compliance with *W.Va. Code*, 62-1-5 [1965] which requires presentment of an arrested person before a justice "without unnecessary delay." We agree and reverse.

I

As a starting point in analyzing a warrantless arrest, we recognize that both the *Constitution of the United States* and the *Constitution of West Virginia* protect citizens from unreasonable arrests, searches, and seizures, *U. S. Const.* Amend. IV; *W. Va. Const.* art. III, § 6, and that the general method for implementing that protection is to require a warrant based on a showing of probable cause be obtained from a neutral magistrate before an arrest, search or seizure may be initiated. We are unable to accept the State's apparent contention that for a warrantless arrest to be legal it is only necessary that probable cause sufficient for the issuance of a warrant exist at the time of the arrest. If such were the case, the warrant requirement would be rendered meaningless. Police would never feel compelled to obtain a warrant since if they could demonstrate sufficient probable cause to get a warrant, they would not need one. Furthermore, given the clearer vision of hindsight, courts would naturally be reluctant to rule that probable cause did not exist for the arrest if the arrest produced reliable incriminating evidence; therefore, we affirm our longstanding rule that warrantless arrests, searches and seizures are generally unreasonable, *State v. McNeal*, ___ W. Va. ___, ___ S.E.2d ___ (1978); *State v. Duvernoy*, 156 W. Va. 578, 195 S.E.2d 631 (1973), and find that in order for police officers to make an arrest without a warrant, they must have had at the time of the arrest sufficient reliable evidence that they could have made a strong showing of probable cause, and, in addition, there must be exigent circumstances, not of the police officers' creation, which militate in favor of immediate arrest. In addition, a police officer may always make a warrantless arrest for a felony committed in his presence or when there is an outstanding warrant

for the individual arrested, although the warrant may not be in the possession of the arresting officer. The test of exigent circumstances for the making of an arrest for a felony without a warrant in West Virginia is whether, under the totality of the circumstances, the police had reasonable grounds to believe that if an immediate arrest were not made, the accused would be able to destroy evidence, flee or otherwise avoid capture, or might, during the time necessary to procure a warrant, endanger the safety or property of others.[2] This is an objective test; its preeminent criterion is what a *reasonable*, well-trained police officer would believe, not what the arresting officer actually did believe. The rarity of justifiable warrantless arrests is increased by the requirement under the new magistrate court system that a magistrate be available twenty-four hours a day.

In the present case, we need not delve into the troublesome question of what constitutes probable cause since the police officers were not faced with exigent circumstances necessary to validate the warrantless arrest even if we assume *arguendo* that probable cause existed at the time of the arrest. Appellant's arrest came after a fairly long investigation of a rash of barn burnings in Berkeley County. On July 15, 1975, three investigators talked with Gerald Everhart who was incarcerated in the Berkeley County Jail. Gerald Everhart told the investigators that he and appellant had burned one barn and Mr. Everhart claimed appellant was involved in other barn burnings. On the morning of July 16, 1975, the investigators spoke with Eleanor Franklin, Gerald Everhart's mother, about appellant and now contend that

---

[2] We realize that our test of exigent circumstances is more strict and more precise than that applied on the federal level, *See Vance v. North Carolina*, 432 F.2d 984 (4th Cir. 1970), but we are free to adopt stronger protections under our State constitution than those afforded by its federal counterpart. *State ex rel. Whitman v. Fox*, ___ W. Va. ___, 236 S.E.2d 565 (1977). We do agree with the holding in *Vance* that the protection against unreasonable arrests, searches, and seizures never goes so far as flatly to bar prosecution but only serves to negate advantages to the prosecution resulting from the illegal arrest, search or seizure.

fearing Mrs. Franklin would warn appellant that he was a suspect it was necessary immediately to arrest appellant to prevent his escape. The State has presented no evidence from which a reasonable officer would infer that: 1) Mrs. Franklin would warn appellant; 2) appellant would flee if warned; 3) appellant posed any immediate danger to the person or property of others; or, 4) any evidence existed which could be destroyed. There clearly was no exigency under the totality of the circumstances which justified the warrantless arrest and furthermore any exigency which did exist was caused by the action of the police in giving Mrs. Franklin information and an opportunity to warn appellant. Unnecessary police-created exigencies are not legitimate exceptions to the warrant requirement. *See United States v. Calhoun*, 542 F.2d 1094 (9th Cir. 1976); *Commonwealth v. Forde*, 367 Mass. 798, 329 N.E.2d 717 (1975).

## II

The remaining question is what effect, if any, the illegal arrest has on the admissibility of the subsequent oral confession. While we are free to adopt a policy of automatic exclusion under *W. Va. Const.* art. III, § 6, we instead follow the wisdom of our federal brethren that exclusion of the confession is mandated only if it is a result of the illegal arrest and the causal connection between the illegal arrest and the confession has not been broken. *See Brown v. Illinois*, 422 U.S. 590 (1975). In the present case, it is clear that the oral confession resulted from the illegal arrest and we can find no break in the causal connection between the arrest and the confession. The giving of *Miranda* warnings alone does not negate causality, *Brown v. Illinois, supra,* and while presentment before a neutral magistrate in compliance with *W.Va. Code*, 62-1-5 [1965] might serve to break the causal chain, such presentment was not made in the case before us.[3] Failure strictly to comply with *W.Va.*

---

[3] We cannot say in all cases that proper presentment under *W.Va. Code*, 62-1-5 [1965] would serve to correct an illegal arrest and break the causal connection between the illegal arrest and any

*Code,* 62-1-5 [1965] does not necessarily vitiate a confession obtained pursuant to a legal arrest, *State v. Mason,* ___ W. Va. ___, ___ S.E.2d ___ (1978); *State v. Slie,* ___ W. Va. ___, 213 S.E.2d 109 (1975), but when noncompliance is combined with an illegal arrest, exclusion is the only remedy to insure the protections of *W. Va. Const.* Art. III, § 6 absent a clear showing of other circumstances which break the causal connection between the illegal arrest and the confession. Our finding is bolstered by the statement in the record by Deputy Sheriff Chester Burtt that postponement of presentment of appellant before a neutral magistrate was because "[w]e requested him first to talk to him" which indicates a willful, deliberate, and intentional violation of appellant's rights which cannot be condoned by this Court.

For the reasons stated above the judgments of the Circuit Court of Berkeley County are reversed and these cases remanded for new trials consistent with this opinion.[4]

*Reversed and remanded.*

---

subsequent statement by an accused, but proper presentment under *W.Va. Code,* 62-1-5 [1965] would certainly militate in favor of admitting evidence obtained after the presentment if the defendant had been properly informed of his rights, probable cause had been established, and legal counsel had been offered.

[4] Appellant assigns various other matters as error none of which were fairly raised.