IN RE: JOHN DAVID BETTS

(No. 15144)

Decided March 23, 1982.

*Richard A. Bush* for Betts.

*Harry G. Deitzler,* Prosecuting Attorney, *and Elizabeth A. Pyles,* Assistant Prosecuting Attorney, for the State.

PER CURIAM:

The appellant, John David Betts, challenges a final judgment of the Circuit Court of Wood County adjudicating him a juvenile delinquent and sentencing him to the Davis Forestry Camp for a period not to exceed fifteen years. The appellant contends that his confession was improperly admitted at trial. We agree.

The Parkersburg home of Charles W. Skragg, Jr. was burglarized in late December, 1979, and, among other things, a shotgun was taken. Near the end of December, Mrs. Royal Betts, mother of the appellant, discovered a shotgun hidden under her living room couch. She gave this weapon to another of her sons who, upon her instructions, delivered it to the police. The police showed this gun to Mr. Skragg and he identified it as the one taken from his home. Based on this evidence, the police proceeded to the Betts residence on January 1, 1980. They were admitted to the home by Mrs. Betts, whereupon they arrested the appellant for the burglary of the Skragg residence. This was done without benefit of an arrest warrant or a juvenile petition. The appellant and his mother then accompanied the officers to the police station where the appellant was read his *Miranda* rights and interrogated. Shortly after the interrogation began, the appellant confessed to breaking and entering the Skragg residence and stealing the shotgun. A stenographer was called and appellant's confession was reduced to writing and signed. A reading of the record reveals that this confession was instrumental in the lower court's determination that appellant was a juvenile delinquent.

Appellant contends here that it was improper to admit his confession at trial because the State failed to meet the burden of proving that the statement was voluntarily and freely made. We agree that the confession was improperly admitted in the trial court, but for reasons not relating to its voluntariness.

The arrest was unlawful because it was made at the appellant's home without an arrest warrant and with no exigent circumstances justifying the failure to procure a warrant. In this jurisdiction, to make a valid warrantless arrest of a person in his home, it is necessary that there not only be probable cause to believe the person has or is about to commit a felony, but also that there be exigent circumstances present which excuse or preclude obtaining a warrant. *State v. Craft*, ____ W.Va. ____, 272 S.E.2d 46, (1980). In *Craft*, we refined Syllabus Point 1 of *State v. Canby*, 162 W.Va. 666, 252 S.E.2d 164 (1979),[1] and established that an exigent circumstance is not necessary to make a warrantless arrest based on probable cause in a public place.

In Syllabus Point 2 of *Canby, supra,* we established the test for exigent circumstances in this jurisdiction:

> "The test of exigent circumstances for the making of an arrest for a felony without a warrant in West Virginia is whether, under the totality of circumstances, the police had reasonable grounds to believe that if an immediate arrest were not made, the accused would be able to destroy evidence, flee or otherwise avoid capture, or might, during the time necessary to procure a warrant, endanger the safety or property of others.. . . ."

There was no exigency here, therefore, appellant's warrantless arrest in his home violated the law.

----

[1] The relevant part of Syllabus Point 1 of *Canby* reads as follows: "In order for police officers to make an arrest without a warrant, they must have had at the time of the arrest sufficient reliable evidence that they could have made a strong showing of probable cause, and, in addition, there must be exigent circumstances, not of the police officers' creation, which militate in favor of immediate arrest."

The remaining question is what effect does the illegal arrest have on the admissibility of the confession. In this jurisdiction, we follow the federal courts' reasoning that exclusion of a confession is mandated only if it is a result of the illegal arrest and the causal connection between the illegal arrest and the confession has not been broken. *See, Brown v. Illinois,* 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975). The giving of *Miranda* warnings alone does not negate causality, *Brown v. Illinois, supra,* and while presentment before a neutral magistrate in compliance with *W. Va. Code,* 62-1-5, [1965], might serve to break the causal chain, *Canby, supra,* such presentment was not made in the case before us until February 8, 1980, some five weeks after the arrest and confession.

For the foregoing reasons, the final judgment of the lower court, holding that appellant is a juvenile delinquent and sentencing him to no more than fifteen years in a forestry camp, is reversed, and the case is remanded to the Circuit Court of Wood County for proceedings consistent with this opinion.

*Reversed; remanded.*