297 S.E.2d 833

**STATE of West Virginia**

v.

**Roy E. SPROUSE, Jr.**

**No. 15520.**

Supreme Court of Appeals of West Virginia.

Nov. 18, 1982.

Dennis R. Lewis, Asst. Pros. Atty., Parkersburg, for appellee.

James I. Stealey, Goldenberg, Goldenberg & Stealey, Parkersburg, for appellant.

PER CURIAM:

Roy E. Sprouse, Jr., appeals his conviction in the Circuit Court of Wood County for entering without breaking in violation of *W.Va.Code*, 61–3–12. We reverse.

Sprouse, charged in a multi-count indictment with having committed an April, 1980 theft offense in Parkersburg, filed a pre-trial motion to suppress his confession on the ground that it was the product of a warrantless, unconstitutional arrest. After a pre-trial suppression hearing, the circuit court denied the motion. Sprouse's primary contention on this appeal, and the only contention we need consider, is that his confession was improperly introduced at trial.

The undisputed evidence presented by the State at the suppression hearing shows that Sprouse was arrested for public intoxication during the evening of July 8, 1980, and was incarcerated overnight in a room

in the Parkersburg Municipal Building. The following morning Sprouse appeared before a municipal court judge for the City of Parkersburg, entered a plea of guilty to the public intoxication charge, and was released from custody.

While the suppression hearing evidence does not present a detailed and complete account of what next occurred, it is clear that after release from custody on the public intoxication charge, Sprouse was detained by detectives of the city police department in an interrogation room located in the detective bureau from approximately 8:55 a.m., until sometime shortly after 12:21 p.m. that afternoon. After *Miranda* warnings were given, Sprouse was interrogated until he gave an oral confession at approximately 11:00 a.m. Thereafter his written confession was taken in shorthand, transcribed, and signed at approximately 12:21 p.m.

The trial court found Sprouse was not free to leave the interrogation room and was detained for purposes of investigatory questioning, but concluded the detention was lawful and not violative of the Fourth Amendment because he had been properly arrested for public intoxication. The trial court distinguished *Dunaway v. New York*, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979) on the ground that Sprouse, unlike the factual situation in *Dunaway*, was brought to the police station legally. The trial court also noted that the defendant's Fifth Amendment rights were observed because he was given his *Miranda* rights before being subjected to custodial interrogation.

■ Upon careful scrutiny of the uncontroverted suppression hearing testimony, we conclude that Sprouse was arrested for investigative purposes. The validity of his arrest in a public place must, therefore, be determined. In *State v. Craft*, 165 W.Va. 741, 272 S.E.2d 46, 55 (1980), this Court limited *State v. Canby*, 162 W.Va. 666, 252 S.E.2d 164 (1979) to make it clear that probable cause is the only requirement for making a felony arrest in a public place. We reiterated our traditional rule as stated in syllabus point 2 of *State v. Duvernoy*, 156 W.Va. 578, 195 S.E.2d 631 (1973):

"An officer, with authority to conserve the peace, may, without a warrant, arrest any person who he, upon probable cause, believes has committed or is committing a felony, though it afterwards appears that no felony was actually perpetrated."

The question here thus becomes whether the police had probable cause to arrest or "seize" Sprouse and subject him to custodial questioning. If the arrest was without probable cause, the validity and competency of the confession must be addressed in the light of syllabus point 2 of *State v. Stanley*, 168 W.Va. 294, 284 S.E.2d 367 (1981) and syllabus point 3 of *State v. Canby*, 162 W.Va. 666, 252 S.E.2d 164 (1979).

■ The evidence adduced by the State in the suppression hearing clearly does not establish probable cause. The State called as its only witness one of the detectives who questioned Sprouse. His testimony on the probable cause issue was that Sprouse was a suspect who his department had sought to question for investigative purposes but had been unable to locate during the three or four month period since the offense occurred. When questioned concerning the reasons why the police were seeking Sprouse and whether they had sufficient information to make an arrest, the officer's reply was "I felt that we needed to talk with him. That was just a personal opinion." The State thus did not carry its burden of establishing probable cause for detaining the accused and subjecting him to questioning.

■ The question remaining is whether Sprouse's confession was the product of that illegal arrest and detention which should have been suppressed at trial. We must then turn to our decisions in *Stanley* and *Canby*. Syllabus point 2 of *Stanley* states:

"A confession obtained by exploitation of an illegal arrest is inadmissible. The giving of *Miranda* warnings is not enough, by itself, to break the causal connection between an illegal arrest and the confession. In considering whether the confession is a result of the exploitation of an illegal arrest, the court should

 

consider the temporal proximity of the arrest and confession; the presence or absence of intervening circumstances in addition to the *Miranda* warnings; and the purpose or flagrancy of the official misconduct.

Similarly, the third syllabus of *Canby* provides:

"Exclusion of a confession obtained as a result of an illegal arrest without a warrant is mandated unless the causal connection between the arrest and the confession has been clearly broken."

*See also,* Syl.Pt. 9, *State v. Moore*, 165 W.Va. 837, 272 S.E.2d 804 (1980).

Upon application of these principles, Sprouse's confession must be suppressed. *Miranda* warnings alone are not sufficient to purge the taint. The temporal proximity between Sprouse's illegal arrest and his oral confession two hours later is strong evidence that the causal connection between the arrest and his confession was not broken; furthermore, we cannot ignore the fact that defendant had been in jail overnight and, after being released on the public intoxication charges, was not permitted to leave the police station.

There is no evidence of any ameliorating circumstances intervening between the arrest and confession. During the approximately two-hour interval, Sprouse was subjected to nearly continuous interrogation. There could have been little opportunity for reflection and he was alone, without the benefit of counsel or friends. Additionally, there is no evidence to indicate the police were not seeking to exploit the illegal detention.

Accordingly, we conclude Sprouse's confession should have been excluded because the causal connection between his illegal arrest and confession was not clearly broken.

For the foregoing reasons, the judgment is reversed and the case is remanded for a new trial.

Reversed and remanded.