440 S.E.2d 442

**STATE of West Virginia, Appellee,**

v.

**Carol Lee KOON, Appellant.**

No. 21656.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 28, 1993.

Decided Dec. 9, 1993.

Darrell V. McGraw, Jr., Atty. Gen., Stephen R. Van Camp, Asst. Atty. Gen., Charleston, for appellee.

Terry D. Reed, David L. Orndorff, Hymes & Coonts, Buckhannon, for appellant.

PER CURIAM:

Carol Lee Koon appeals from an 11 June 1992 conviction of eight counts of sexual assault in the third degree in the Circuit Court of Randolph County. On 23 June 1992 the court denied Mrs. Koon's motions for judgment of acquittal or a new trial following a hearing. On 27 August 1992 Mrs. Koon was sentenced to two consecutive one to five year terms in the Pruntytown Correctional Center in Grafton. On 6 April 1993 we granted Mrs. Koon's petition for appeal.

In fall 1989, Mrs. Koon, a thirty-nine year old mother of four children, was a sixth grade science teacher at Buckannon–Upshur Middle School. Jeremy Burr, a thirteen year old sixth grader, was one of her students. When Jeremy received a low mark in her class in November 1989, Jeremy's mother, Judy Burr, and Jeremy's grandmother, Wilma Levere, asked Mrs. Koon to tutor Jeremy. The tutoring sessions occurred in the living room of Mrs. Levere's home where Jeremy was living with his mother. Although the tutoring lasted only three to four weeks, Mrs. Koon continued to come to Mrs. Levere's house to visit Jeremy several days a week from 4:15 P.M. to 11:15 P.M. until April or May 1991.

In November 1990, Mrs. Koon picked up Jeremy Burr in her Ford Van and drove to the Buckannon–Upshur High School Park where Mrs. Koon and Jeremy Burr engaged in oral and vaginal intercourse. Mrs. Koon and Jeremy Burr subsequently engaged on other occasions in oral and vaginal intercourse in the van on a Buckannon street, at a boat ramp near West Virginia Wesleyan College, at Buckannon City Park and in Mrs. Koon's home.

In late December 1990, Mrs. Koon admitted to her friend Molly Straight that she was sexually involved with a student. After consulting with a child abuse hotline, Mrs. Straight wrote a letter to Mrs. Koon stating that because the affair was extremely deviant, Mrs. Straight had a moral and legal obligation to turn her in. Although Mrs. Koon insisted that the relationship was with a college student, Mrs. Straight eventually grew convinced that the affair was with Jeremy Burr.

On 7 June 1991, Mrs. Straight reported her suspicions to Ms. Paula Hinzeman of the Child Abuse Hotline of the West Virginia Department of Health and Human Resources. Ms. Hinzeman then contacted the Upshur County Prosecuting Attorney's office. On 13 June 1991, the prosecutor's office initiated an investigation into Mrs. Straight's allegations. The investigation was conducted by Trooper Holley of the West Virginia State Police and Upshur County Assistant Prosecutor William Thurman.

Trooper Holley and Prosecutor Thurman interviewed Mrs. Straight who told them she believed Mrs. Koon was sexually involved with Jeremy Burr. The officers then spoke with Steven Payne, principal of the Buckannon–Upshur Middle School. Mr. Payne admitted having received several complaints from other teachers concerning inappropriate actions by Mrs. Koon toward her students. The officers then met with Jeremy Burr. Jeremy detailed the approximate dates, times and locations at which he and Mrs. Koon had engaged in sexual intercourse.

At about 11:45 P.M. on the evening of 13 June 1991, Mr. Thurman and Trooper Holley arrived at Mrs. Koon's residence. Trooper Holley apprised Mrs. Koon of the serious allegations of sexual misconduct involving Jeremy Burr. Trooper Holley informed Mrs. Koon that they were investigating those allegations and that, if she was willing, to obtain a statement from her concerning the allegations. Mrs. Koon agreed to make such a statement.

Before giving her statement, Mrs. Koon read and signed a DPS Form 79, in which she acknowledged that she understood her *Miranda* rights and chose to give up those rights. Mrs. Koon then stated that she was

in love with Jeremy Burr and described their various sexual encounters.

After obtaining Mrs. Koon's statement, the officers placed her under arrest. Mrs. Koon was subsequently indicted by an Upshur County Grand Jury on nine separate counts of sexual assault in the third degree pursuant to *West Virginia Code* 61–8B–5(a)(2) [1984].[1]

On 10 April 1992 a suppression hearing was conducted by the Upshur County Circuit Court regarding the admissibility of Mrs. Koon's statements on 14 June 1991. The court found that Mrs. Koon knowingly, voluntarily and intelligently waived her right to counsel and her right to refrain from making self-incriminating statements. Accordingly, the court refused to suppress the statements.

Mrs. Koon was found guilty of eight counts of sexual assault in the third degree, all felonies. On 23 June 1993 the court imposed a total sentence of not less than two, nor more than ten years confinement in the penitentiary.

On appeal Mrs. Koon assigns numerous errors which we shall address *seriatim*.

## I.

█ Mrs. Koon argues that the trial court erred by failing to suppress her statement given on 14 June 1991.

█ "It is a well-established rule of appellate review in this state that a trial court has wide discretion in regard to the admissibility of confessions and ordinarily this discretion will not be disturbed on review." Syllabus point 5, *State v. Starr*, 158 W.Va. 905, 216 S.E.2d 242 (1975). *In accord* Syllabus point 2, *State v. Vance*, 162 W.Va. 467, 250 S.E.2d 146 (1978). The general rule in West Virginia with regard to the admissibility of confessions is that "[t]he state must prove, at least by a preponderance of the evidence, that confessions or statements of

an accused which amount to admissions of all or a part of an offense were voluntary before such may be admitted into the evidence of a criminal case." Syllabus point 5, *State v. Starr*, 158 W.Va. 905, 216 S.E.2d 242 (1975). *In accord* Syllabus point 1, *Vance, supra;* Syllabus point 2, *State v. McDonough*, 178 W.Va. 1, 4, 357 S.E.2d 34, 37 (1987).

█ In determining the voluntariness of an inculpatory statement, the trial court must hold a hearing on the matter. *See, State v. Fortner*, 150 W.Va. 571, 148 S.E.2d 669, 674 (1966), *overruled on other grounds, State ex rel. White v. Mohn*, 168 W.Va. 211, 283 S.E.2d 914 (1981). On review, a trial court's decision regarding the voluntariness of a confession will not be disturbed unless it is plainly wrong or clearly against the weight of the evidence. Syllabus point 3, *Vance, supra*.

Evidence presented at the 10 April 1992 suppression hearing established the following undisputed facts: before giving her inculpatory statement, Trooper Holley informed Mrs. Koon of the allegations of sexual misconduct made by Jeremy Burr. Trooper Holley also informed Mrs. Koon that she was not under arrest and was free to leave at any time. When Trooper Holley asked Mrs. Koon for a response to the allegations, Mrs. Koon voluntarily agreed to make a statement. Mrs. Koon then read and signed a DPS Form 79 in which she stated that she understood her *Miranda* rights and chose to give up those rights. Following the interview, Mrs. Koon reviewed and signed a written account of her statement attesting to its accuracy. Mrs. Koon also signed a disclaimer in which she averred that the statement she had given was not obtained through the use of any threats, inducements or coercion on the part of Trooper Holley or Prosecutor Thurman.

Both Trooper Holley and Prosecutor Thurman testified that on the night in question

---

1. *W.Va.Code* 61–8B–5 [1984] provides in pertinent part:
 (a) A person is guilty of sexual assault in the third degree when:
 (2) Such person, being sixteen years old or more, engages in sexual intercourse or sexual intrusion with another person who is less than sixteen years old and who is at least four years younger than the defendant.

(b) Any person who violates the provisions of this section shall be guilty of a felony, and, upon conviction thereof, shall be imprisoned in the penitentiary not less than one year nor more than five years, or fined not more than ten thousand dollars and imprisoned in the penitentiary not less than one year and not more than five years.

Mrs. Koon was a well-educated woman who understood that Trooper Holley was a state policeman. Both men testified that there was no evidence that Mrs. Koon was intoxicated when she gave the statement. According to Trooper Holley, during the two hours they spent with Mrs. Koon she carried on a normal conversation and did not appear sluggish or jittery. Following her arrest that night, Mrs. Koon informed the police that she was not under the influence of any drug. Furthermore, the court noted that Mrs. Koon's testimony revealed that her memory of the night in question was vivid because she remembered details of the conversation.

Based on this evidence, it is plain that Mrs. Koon knowingly, voluntarily and intelligently waived her right to counsel and her right against self-incrimination. The trial court did not abuse his discretion when he admitted Mrs. Koon's 14 June 1991 statement into evidence.

■ Mrs. Koon further maintains that because she was arrested in her home, without a warrant and without exigent circumstances, the arrest was unlawful. Under Mrs. Koon's theory, because the arrest was unlawful, her statement must be suppressed as the fruit of an illegal warrantless arrest.

■ "[E]xclusion of a confession obtained as a result of an illegal arrest without a warrant is mandated unless the causal connection between the arrest and the confession has been clearly broken." Syllabus point 3, *State v. Canby,* 162 W.Va. 666, 252 S.E.2d 164 (1979). *In accord* Syllabus point 3, *State v. Sprouse,* 171 W.Va. 58, 297 S.E.2d 833 (1982); Syllabus point 4, *State v. Mullins,* 177 W.Va. 531, 355 S.E.2d 24 (1987). The facts in this case clearly show that Mrs. Koon's statement was procured before her arrest and thus was not obtained as a result of the arrest. Far from exploiting an illegal arrest to obtain a statement from Mrs. Koon, the police used the statement to make the arrest. Because there is no causal connection, the statement is not tainted by the arrest and suppression is not mandated under *Canby.* Thus, the trial court did not err by admitting Mrs. Koon's statement.

## II.

■ Mrs. Koon's second assignment of error is that the trial court erred in denying her motions for judgment of acquittal or for a new trial. According to Mrs. Koon, the prosecution failed to meet its burden of proving beyond a reasonable doubt that she was criminally responsible at the time of the offense. We have reviewed the record and disagree.

■ The standard on appeal to be applied in determining whether sufficient evidence was presented at trial to warrant a conviction is as follows:

> In a criminal case, a verdict of guilt will not be set aside on the ground that it is contrary to the evidence if that evidence, when viewed in a light most favorable to the State, would be sufficient to convince impartial minds of the guilt of a defendant beyond a reasonable doubt. To warrant interference with a verdict of guilt on the ground of insufficiency of evidence, the evidence presented by the prosecution at trial must be manifestly inadequate to support the conviction.

Syllabus point 1, *State v. Starkey,* 161 W.Va. 517, 244 S.E.2d 219 (1978). *In accord* Syllabus point 7, *State v. Knotts,* 187 W.Va. 795, 421 S.E.2d 917 (1992).

Under *W.Va.Code* 61–8B–5 [1984], "[a] person is guilty of sexual assault in the third degree when ... (2) [s]uch person, being sixteen years old or more, engages in sexual intercourse or sexual intrusion with another person who is less than sixteen years old and who is at least four years younger than the defendant." The uncontradicted testimony of Jeremy Burr established that Mrs. Koon had engaged in acts of oral and vaginal sex with him. Mrs. Koon herself admitted to having sex with Jeremy Burr. Mrs. Koon was forty and Jeremy Burr was thirteen when the various sexual acts took place. This evidence thus established all elements required for a conviction of third degree assault under *W.Va.Code* 61–8B–5 [1984].

■ Mrs. Koon maintains that notwithstanding the satisfaction of elements required for conviction under *W.Va.Code* 61–8B–5 [1984], the State failed to prove that

she was sane beyond a reasonable doubt when she engaged in sexual relations with Jeremy Burr; thus, the trial court committed reversible error by refusing to set aside the verdict. We disagree.

 In syllabus point 2 of *State v. Daggett*, 167 W.Va. 411, 280 S.E.2d 545 (1981), we state that although "there exists in the trial of an accused the presumption of sanity[,] ... if the accused offers evidence that he was insane, the presumption of sanity disappears and the burden is then shifted to the prosecution to prove beyond a reasonable doubt that the accused was sane at the time of the offense." *In accord* Syllabus point 4, *State v. Parsons*, 181 W.Va. 131, 381 S.E.2d 246 (1989). The insanity standard in West Virginia provides that "[a] person is not responsible for criminal conduct if at the time of such conduct, as a result of mental disease or defect, he lacks substantial capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law." Syllabus point 2, in part, *State v. Myers*, 159 W.Va. 353, 222 S.E.2d 300 (1976). *In accord* Syllabus point 3, *Parsons, supra.*

This Court has not fashioned a general rule which specifies the nature and quantity of evidence that the prosecution must produce to prove sanity beyond a reasonable doubt. We stated in *State v. Kinney*, 169 W.Va. 217, 221, 286 S.E.2d 398, 401 (1982) that this issue must be resolved according to the facts and circumstances of each case:

... [t]he State's burden of proving sanity beyond a reasonable doubt does not mean that the sanity evidence must be entirely without contradictions. It is factual contradiction which a jury is called upon to resolve[.] [W]here there is factual contradiction on the question of sanity ... the question is one for the jury.

In support of her insanity defense, Mrs. Koon presented the expert testimony of two psychiatrists, Dr. Neilan and Dr. Haynes. Both testified that, in their opinion, Mrs. Koon suffered from depression or, alternatively, a bipolar condition. The psychiatrists further testified that these conditions created a passive, accommodating and easily manipulated personality in Mrs. Koon. Notably, neither expert witness addressed the thresh-old question of whether Mrs. Koon had appreciated the wrongfulness of her actions or could conform her actions to law when the acts were committed.

The State in response offered the expert testimony of Dr. William J. Fremouw, a psychologist. Based on his interviews with Mrs. Koon and the tests administered to Mrs. Koon, Dr. Fremouw concluded that although Mrs. Koon suffered from personality problems, she showed no signs that she had been unable to discern right from wrong or to conform her actions to the mandates of the law while engaging in the sexual encounters with Jeremy Burr. ·

Mrs. Koon contends that Dr. Fremouw's testimony was inadequate to meet the State's burden of proof on the issue of her criminal responsibility because under *W.Va.Code* 27–6A–1 [1983], only a psychiatrist—not a psychologist—can render an opinion as to the criminal responsibility of a defendant. However, *W.Va.Code* 27–6A–1 [1983] is limited to court-ordered competency hearings and has no relevance to the issue of what evidence is competent and may be considered by a jury in deciding a person's criminal responsibility.

 To meet its burden of proving a defendant's sanity beyond a reasonable doubt, the State is not required to put on expert testimony. *State v. Rowe*, 168 W.Va. 678, 681, 285 S.E.2d 445, 447 (1981). The burden of proving sanity may be shouldered not only by psychiatric testimony, but also by evidence presented about the facts and circumstances surrounding the crime. *Id.; State v. Wimer*, 168 W.Va. 417, 428, 284 S.E.2d 890, 896 (1981). Thus, expert testimony is not conclusive in a jury's determination of sanity.

Moreover, under *W.V.R.E.* Rule 702 [1993], "a witness qualified as an expert by knowledge, skill, experience, training or education" may testify at trial if scientific or other specialized knowledge will assist the trier of fact to determine a fact in issue. In this context, a trial court has broad discretion in deciding whether to admit expert testimony into evidence. *Morris v. Boppana*, 182 W.Va. 248, 387 S.E.2d 302 (1989).

Dr. Fremouw is a licensed clinical psychologist practicing in Morgantown. He is a full professor in the psychology department at West Virginia University and is a member of both the American Psychological Association and the West Virginia Psychological Association. As stipulated by Mrs. Koon's counsel, Dr. Fremouw is an expert in the field of clinical psychology. Because a determination of Mrs. Koon's criminal responsibility involved her mental capacity, Dr. Fremouw was qualified to render an opinion on it. Once Dr. Fremouw had testified on that issue, it was the jury's function to evaluate his testimony, credentials, background and qualifications and weigh those factors in addressing Mrs. Koon's criminal responsibility.

In view of Dr. Fremouw's competence to testify on the issue of Mrs. Koon's sanity, we find there was sufficient evidence for the jury to have concluded that Mrs. Koon was sane at the time the acts alleged were committed. The circuit court properly denied Mrs. Koon's motions for a new trial and for judgment of acquittal.

### III.

■ Mrs. Koon further maintains that the circuit court erred in failing to dismiss Counts II, V, and VII of the indictment and in submitting them to the jury as individual separate counts. Counts II, V and VII of the indictment alleged that Mrs. Koon performed acts of oral sex on Jeremy Burr on various dates in November and December 1990 and January 1991. Counts IV, VII and VII charged that Mrs. Koon and Jeremy Burr had engaged in vaginal intercourse on the same dates. According to Mrs. Koon, the acts of oral sex were merely ancillary to the later vaginal sex and should not have been separately prosecuted.

■ In West Virginia, if a defendant commits separate acts of the statutorily-defined term "sexual intercourse" in different ways, each act may be prosecuted and punished as a separate offense. *See State v. Lola Mae C.,* 185 W.Va. 452, 408 S.E.2d 31 (1991); *State v. Fortner,* 182 W.Va. 345, 387 S.E.2d 812 (1989). *W.Va.Code* 61–8B–1(7) [1986] defines "sexual intercourse" as "any act between persons not married to each other involving penetration ... of the female sex organ by the male sex organ or involving contact between the sex organs of one person and the mouth ... of another person."

■ In interpreting *W.Va.Code* 61–8B–1(7) [1986], we stated in *State v. Carter,* 168 W.Va. 90, 282 S.E.2d 277 (1981) that the use of the word "or" in the definition of sexual intercourse "expresses the legislative intent that sexual intercourse can be committed in each of the various alternative ways, with each type of prohibited contact constituting a separate offense." Where, however, the sexual contact immediately preceding sexual intercourse is preparatory to and ancillary to one act of sexual intercourse, only "one continuing sexual offense" has occurred. *State v. Reed,* 166 W.Va. 558, 276 S.E.2d 313 (1981).

*Reed* is distinguishable from this case. Although the defendant in *Reed* engaged in only one act of sexual intercourse as defined by statute, the court convicted him for two separate crimes, sexual abuse in the first degree and sexual misconduct. We held in *Reed* that double jeopardy clearly bars conviction for two separate crimes as the result of a single criminal transaction. *Reed,* 166 W.Va. at 565–66, 276 S.E.2d at 319 (1981). In this case, in contrast, Mrs. Koon engaged in two separate acts of sexual intercourse as those terms are statutorily understood under *W.Va.Code* 61–8B–1(7) [1986]. Thus, the circuit court was correct in its refusal to dismiss Counts II, V and VII because they represented separate offenses for which Mrs. Koon could be held accountable.

### IV.

■ At the conclusion of trial, the jury was instructed as to Count IX that if it believed beyond a reasonable doubt that Mrs. Koon engaged in sexual intercourse on one occasion with Jeremy Burr in Upshur County, it could find her guilty. The jury returned with a verdict of guilty on Count IX. Mrs. Koon argues that evidence on the location of her residence was insufficient to uphold the verdict of guilt on Count IX because her farm is located in Barbour, not Upshur County.

A jury is the ultimate trier of fact and the sole judge of the weight of the evidence and the credibility of witnesses presented at trial. *State v. Knotts,* 156 W.Va. 748, 197 S.E.2d 93 (1973). As we stated in the second section of this opinion, this Court must be convinced that the evidence presented by the prosecution was manifestly inadequate to support the conviction to warrant interference with a jury's verdict of guilt on the ground of insufficiency of evidence. *See* Syllabus point 1, *Starkey, supra;* Syllabus point 7, *Knotts, supra.* On review, the evidence must be viewed in a light most favorable to the prosecution. *See* Syllabus point 1, *Starkey, supra;* Syllabus point 3, *Knotts, supra.*

At trial, two witnesses addressed this issue. Trooper Holley, who based his opinion on over seven years of working as a trooper in the area, testified that while part of Mrs. Koon's farm was located in Upshur County and part in Barbour County, he judged Mrs. Koon's house to be situated in Upshur County. Mike Koon, Mrs. Koon's husband, testified that although he had never had a survey conducted on his property to determine the exact location of his residence, the deed of conveyance to the farm indicated it was located in Upshur County with a small portion extending into Barbour County.

When viewed in a light most favorable to the prosecution, we find this evidence manifestly adequate to justify a finding that the acts alleged in Count IX occurred in Upshur County. The trial court properly refused to dismiss Count IX.

## V.

Mrs. Koon next asserts that the circuit court erred in refusing to allow Melissa White, a juvenile with whom Jeremy Burr attended school, to testify concerning Jeremy Burr's prior sexual conduct with her. On cross-examination, Mrs. Koon's counsel asked Jeremy Burr if he had ever physically attacked Ms. White. Jeremy Burr denied such conduct. Mrs. Koon's counsel then brought Ms. White to the stand and sought to elicit testimony concerning an attempt by Jeremy Burr to remove her shirt. The trial court sustained the prosecution's objection to such testimony.

Rule 405(b), *W.V.R.E.* [1993] provides that proof may be made of specific instances of a person's conduct in cases in which character or a trait of character of a person is an essential element of a defense. In syllabus point 3 of *State v. Woodson,* 181 W.Va. 325, 382 S.E.2d 519 (1989), we held that under Rule 405(b), *W.V.R.E.* [1993], "a defendant in a criminal case who relies on self-defense or provocation may introduce specific acts of violence or threats made against him by the victim, and if the defendant has knowledge of specific acts of violence against third parties by the victim, the defendant may offer such evidence." For a discussion of *Woodson, see Dietz v. Legursky,* 188 W.Va. 526, 425 S.E.2d 202 (1992).

In *Woodson,* the defendant was convicted of unlawful assault. We ruled in that case that evidence of the victim's two prior convictions on burglary charges was not relevant to establish his alleged violent nature because the elements of that crime did not involve violence to the person. *Woodson,* 181 W.Va. at 330, 382 S.E.2d at 524 (1989). In this case, Mrs. Koon relied *inter alia* on the defense that Jeremy Burr extorted sex from her by threatening to accuse her of having sex with him if she refused to actually do so. Thus, in contrast to *Woodson,* testimony by Ms. White that Jeremy Burr had sexually accosted Ms. White was directly relevant to establish Jeremy Burr's aggressive nature and was essential to Mrs. Koon's defense that Mrs. Koon engaged in sexual intercourse with Jeremy Burr under duress and in self-defense. Accordingly, the trial court improperly excluded Ms. White's testimony. However, given the overall state of the record, we find the error harmless.[2]

## VI.

Finally, Mrs. Koon maintains that the trial court erred by imposing an unconstitutionally harsh sentence on her. It is well-settled in this Court that a trial

---

**2.** *See Torrence v. Kusminsky,* 185 W.Va. 734, 408 S.E.2d 684 (1991) (nonconstitutional error harmless if it is "highly improbable that the error did not affect the judgement.").

court's discretion when imposing a sentence is broad, and as long as that sentence is within statutory limits and is not based on some impermissible factor, it is not subject to appellate review. Syllabus point 4, *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982). *In accord* Syllabus point 9, *State v. Hays,* 185 W.Va. 664, 408 S.E.2d 614 (1991).

*W.Va.Code* 61–8B–5(b) [1986] imposes a maximum sentence of not less than one nor more than five years confinement in the state penitentiary for each conviction of sexual assault in the third degree. The trial court imposed individual sentences of one to five years each for the first four counts and the last four counts to run concurrently. The sentences imposed on the last four counts were to run consecutively with the sentences imposed on the first four counts, resulting in a total sentence of not less than two, nor more than ten years confinement in prison. Thus, the court sentenced Mrs. Koon within the statutory limits for the crimes charged.

Before imposing sentence, a trial court must: (1) assure that the defendant and her counsel have had the opportunity to read and discuss the presentence report; (2) afford defense counsel an opportunity to speak on behalf of the defendant; and (3) address the defendant personally and ask her if she wishes to make a statement in her own behalf and to present any information in mitigation of punishment. *W.Va.R.Crim.P.* Rule 32(a)(1) [1993]. Once these formal requirements have been met, the trial court, in determining the character and extent of a defendant's punishment, may consider "the facts of the [crime] and may search anywhere, within reasonable bounds, for other facts which tend to aggravate or mitigate the offense." *State v. Houston,* 166 W.Va. 202, 208, 273 S.E.2d 375, 378 (1980).

In this case, Mrs. Koon and her counsel reviewed the presentence report and acknowledged its overall accuracy. On Mrs. Koon's request, the trial court agreed to exclude a statement made by Trooper Holley concerning Mrs. Koon's opportunity to enter into plea agreements with the prosecution. Mrs. Koon was afforded the opportunity to elicit testimony from her husband concerning the impact of her incarceration on him and their children. Mrs. Koon's counsel then was allowed to address the court on behalf of Mrs. Koon. Mrs. Koon declined to speak on her own behalf.

In deciding the sentence to be imposed on Mrs. Koon, the court indicated that it had considered several factors including the issues raised by Mrs. Koon's counsel and the testimony of Mrs. Koon's husband; the presentence report; the recommendations of the Prosecuting Attorney and the probation officer; community sentiment; and the retributive, rehabilitative and deterrent effect which the sentence would serve.

Because the trial court's sentence was within statutory limits and was not based on impermissible factors, the trial court did not abuse its discretion.

For the foregoing reasons, this Court is of the opinion that there is no error in this case. We affirm the circuit court.

Affirmed.