# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 16-0893** (Harrison County 16-F-149-3)

**Jason Devon Saunders,**
**Defendant Below, Petitioner**

**FILED**

**September 25, 2017**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jason Devon Saunders, by counsel Jason T. Gain, appeals the Circuit Court of Harrison County's July 27, 2016, order denying his motion to suppress evidence. The State, by counsel Elizabeth Grant, filed a response. On appeal, petitioner argues that the circuit court erred in denying his motion to suppress.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2016, law enforcement officers conducted a warrantless search and seizure of petitioner's motel room located in the Towne House East Motor Lodge ("motel") in Harrison County, West Virginia. The resulting police report stated that law enforcement officers were called to the motel after a motel staff member found a grocery bag of heroin and a Pennsylvania State identification card in a motel room. The employee placed the heroin and identification card on the front desk and another employee called the police. Before law enforcement officers arrived, an unknown male retrieved the bag from the front desk and exited the motel. Law enforcement officers arrived at the motel and an officer recognized petitioner's name from the motel room registration entry sheet. That officer then contacted petitioner's federal probation officer and obtained a recent photograph of petitioner. The motel employee identified petitioner as the man that retrieved the bag of heroin. Law enforcement officers then went to petitioner's motel room. A woman in the room allowed the officers to enter the room and confirmed petitioner's presence there. The officers heard sounds coming from the bathroom and the toilet flushing after which petitioner exited the bathroom in the motel room. Believing that petitioner was attempting to destroy evidence, law enforcement officers entered the bathroom and conducted a warrantless search. They observed a bundle of heroin in the toilet bowl and another bundle on the floor. The officer ordered the woman and petitioner out of the motel room. Thereafter, one of the officers left the motel and obtained a search warrant for petitioner's room

1

with a supporting affidavit. Petitioner was later indicted during the May of 2016 term of court on one count of possession with intent to deliver heroin.

In June of 2016, petitioner, by counsel, filed a motion to suppress the evidence seized by the search warrant on the grounds that the search warrant affidavit contained information offered by Task Force Agent Lawrence Sylvester that is intentionally false and "a reckless disregard of the truth." Following a hearing, the circuit court denied petitioner's motion to suppress seized evidence, finding that the search warrant was valid on "all bases" and that exigent circumstances existed even if the search warrant had been invalid.

In August of 2016, following plea negations with respondent, petitioner entered a guilty plea to one count of possession with intent to deliver heroin on the condition that he reserve his right to appeal the circuit court's denial of his motion to suppress. Under the plea agreement, the State retained the right to argue for enhancement of the sentence for a second offense drug conviction under West Virginia Code § 60A-4-408; agreed not to file a recidivist petition under West Virginia Code § 61-11-18; and permitted petitioner to enter into the conditional plea agreement under Rule 11(a)(2) of the West Virginia Rules of Criminal Procedure. In July of 2016, the circuit court accepted the plea agreement. On August 24, 2016, the circuit court ultimately sentenced petitioner to a term of incarceration of not less than two nor more than thirty years with 232 days of credit for time served. Petitioner now appeals the circuit court's order denying his motion to suppress evidence.

We have held:

"In reviewing the findings of fact and conclusions of law of a circuit court . . . , we apply a three-pronged standard of review. We review the decision . . . under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, in part, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Further, we have explained that:

1. "When reviewing a ruling on a motion to suppress, an appellate court should construe all facts in the light most favorable to the State, as it was the prevailing party below. Because of the highly fact-specific nature of a motion to suppress, particular deference is given to the findings of the circuit court because it had the opportunity to observe the witnesses and to hear testimony on the issues. Therefore, the circuit court's factual findings are reviewed for clear error." Syllabus point 1, *State v. Lacy*, 196 W.Va. 104, 468 S.E.2d 719 (1996).

2. "In contrast to a review of the circuit court's factual findings, the ultimate determination as to whether a search or seizure was reasonable under the Fourth Amendment to the United States Constitution and Section 6 of Article III of the West Virginia Constitution is a question of law that is reviewed *de novo*.

Similarly, an appellate court reviews *de novo* whether a search warrant was too broad. Thus, a circuit court's denial of a motion to suppress evidence will be affirmed unless it is unsupported by substantial evidence, based on an erroneous interpretation of the law, or, based on the entire record, it is clear that a mistake has been made." Syllabus point 2, *State v. Lacy*, 196 W.Va. 104, 468 S.E.2d 719 (1996).

Syl. Pts. 1 & 2, *State v. Bookheimer*, 221 W.Va. 720, 656 S.E.2d 471 (2007).

On appeal, petitioner argues that the circuit court erred in denying his motion to suppress the evidence located in his motel room because the "search warrant affidavit prepared by law enforcement was inadequate to establish probable cause" for said search warrant. We have held that a search warrant is supported by probable cause when

the facts and circumstances provided to a magistrate in a written affidavit are sufficient to warrant the belief of a prudent person of reasonable caution that a crime has been committed and that the specific fruits, instrumentalities, or contraband from that crime presently may be found at a specific location.

Syl. Pt. 3, in part, *State v. Lilly*, 194 W.Va. 595, 461 S.E.2d 101 (1995). We have also held that, "[r]eviewing courts should grant magistrates deference when reviewing warrants for probable cause. Such warrants should be judged by a 'totality-of-the-circumstances' test." Syl. Pt. 5, *State v. Thomas*, 187 W.Va. 686, 421 S.E.2d 227 (1992).

Petitioner argues that the search warrant was inadequate because the eye witnesses' identification of him was unreliable. Petitioner contends that there were "conflicting accounts as to what they specifically observed." We have held that

[i]n determining whether an out-of-court identification of a defendant is so tainted as to require suppression of an in-court identification a court must look to the totality of the circumstances and determine whether the identification was reliable, even though the confrontation procedure was suggestive, with due regard given to such factors as the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

Syl. Pt. 3, *State v. Casdorph*, 159 W.Va. 909, 230 S.E.2d 476 (1976). Petitioner's argument ignores the entirety of the eye witnesses' testimony and the circuit court's subsequent order. At the suppression hearing, the State established that, while the motel employees were waiting for law enforcement to arrive, petitioner entered the motel office, inquired as to the motel room in question, and observed the bag of heroin on the desk. The motel employees told petitioner not to touch the bag on the desk and informed him that the "police were on their way." Despite receiving a warning from the motel employees, petitioner seized the bag of heroin and walked out of the office. When law enforcement arrived at the motel, the officers questioned the

employees in the motel office. One of the law enforcement officers recognized petitioner's name on the motel registry and confirmed petitioner's identity by calling his federal probation officer. The federal probation officer provided law enforcement with a recent photograph of petitioner and the motel employees confirmed that he was the individual who had taken the bag of heroin from the motel office. It is clear from the record on appeal that the motel employees were able to get a close look at petitioner as he entered the office and seized the bag of heroin. One of the employees testified that she first encountered petitioner in the well-lit motel lobby that morning and recounted petitioner's attire. She also testified at length as to her degree of attention while waiting for law enforcement to arrive, and described her entire conversation with petitioner and described his appearance as he came into the motel office and seized the bag of heroin. Consequently, the employees made positive in-court identifications based upon their extensive observations of petitioner at the time of the crime. Therefore, there was no error in this regard.

Petitioner also contends that the search warrant issued after the warrantless search of the motel room was invalid because it was based on "misrepresentations." Petitioner argues that the first misrepresentation contained in the search warrant was that the "unknown black male returned to Room 63." According to petitioner, there was no reason to believe the unknown male was "even in the vicinity by the time law enforcement arrived." Petitioner also argues that the second misrepresentation contained in the search warrant was that the staff only "identified" the unknown black man based on a single photograph. We have previously held that

> [t]o successfully challenge the validity of a search warrant on the basis of false information in the warrant affidavit, the defendant must establish by a preponderance of the evidence that the affiant, either knowingly and intentionally or with reckless disregard for the truth, included a false statement therein. The same analysis applies to omissions of fact. The defendant must show that the facts were intentionally omitted or were omitted in reckless disregard of whether their omission made the affidavit misleading.

Syl. Pt. 1, *State v. Lilly*, 194 W.Va. 595, 461 S.E.2d 101 (1995). Further, "[a] search warrant affidavit is not invalid even if it contains a misrepresentation, if, after striking the misrepresentation, there remains sufficient content to support a finding of probable cause. Probable cause is evaluated in the totality of the circumstances." *Id.* at Syl. Pt. 2, 194 W.Va. at 598, 461 S.E.2d at 104. Finally,

> [p]robable cause for the issuance of a search warrant exists if the facts and circumstances provided to a magistrate in a written affidavit are sufficient to warrant the belief of a prudent person of reasonable caution that a crime has been committed and that the specific fruits, instrumentalities, or contraband from that crime presently may be found at a specific location. It is not enough that a magistrate believes a crime has been committed. The magistrate also must have a reasonable belief that the place or person to be searched will yield certain specific classes of items. There must be a nexus between the criminal activity and the place or person searched and thing seized. The probable cause determination does not depend solely upon individual facts; rather, it depends on the cumulative effect of the facts in the totality of circumstances.

*Id.* at Syl. Pt. 3, 194 W.Va. at 598, 461 S.E.2d at 104.

Here, the circuit court found that the search warrant contained one false statement that "the black male who took the heroin from the motel office returned to Room 63" and struck that statement from the search warrant at the suppression hearing. It then found that the remaining facts alleged in the affidavit were supported by the evidence presented at the hearing and were sufficient to establish probable cause for the issuance of the warrant - that is: motel employees found a bag of heroin in petitioner's room, petitioner was identified as the man who seized the bag of heroin from the front desk, and petitioner was present in the bathroom when law enforcement observed heroin in the toilet and on the floor.

Petitioner next argues on appeal that the circuit court erred by holding that the exigent circumstances exception to the warrant requirement applied to the search of the motel room. This Court has held as follows:

> Searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment and Article III, Section 6 of the West Virginia Constitution - subject only to a few specifically established and well-delineated exceptions. The exceptions are jealously and carefully drawn, and there must be a showing by those who seek exemption that the exigencies of the situation made that course imperative.

Syl. Pt. 4, *State v. Kendall*, 219 W.Va. 686, 639 S.E.2d 778 (2006). We have also explained that "[e]xigent circumstances exist where there is a compelling need for the official action and there is insufficient time to secure a warrant, police may then enter and search private premises . . . without obtaining a warrant." *Id.* at 692, 639 S.E.2d at 784. Further,

> [e]xigent circumstances may exist in many situations: three well recognized situations are when police reasonably believe (1) their safety or the safety of others may be threatened, (2) quick action is necessary to prevent the destruction of potential evidence, or (3) immediate action is necessary to prevent the suspect from fleeing.

*Id.* at 692, 639 S.E.2d at 784. Ultimately, the test for exigent circumstances is based on the totality of the circumstances: "This is an objective test based on what a reasonable, well-trained police officer would believe." Syl. Pt. 2, in part, *State v. Canby*, 162 W.Va. 666, 252 S.E.2d 164 (1979).

In this case, the totality of the circumstances led the circuit court to conclude that the initial search of the motel room bathroom was justified based on exigent circumstances. Law enforcement officers on the scene had probable cause to believe that petitioner intended to distribute heroin after the officers confirmed that he was the man who seized the bag of heroin from the motel office. When the law enforcement officers located petitioner in his motel room, it was reasonable for them to believe that he was attempting to destroy evidence by flushing the heroin down the toilet in the bathroom. In *State v. Dorsey*, this Court considered facts and

arguments very similar to the case at hand. 234 W.Va. 15, 762 S.E2d 584 (2014). The *Dorsey* case involved four West Virginia State Police troopers' attempt to conduct a "knock and talk" at a residence from which crack cocaine was likely being sold. *Id.* at 19, 762 S.E.2d at 588. After several knocks, the home owner let the troopers into the home where they heard the sounds of a flushing toilet and observed Mr. Dorsey standing in front of the running toilet with a substance floating in the water. *Id.* at 19-20, 762 S.E.2d at 587-88. As in the instant case, we found that the warrantless search of the residence was justified by exigent circumstances: "[p]olice reasonably believed that a crime was being committed and that evidence was being destroyed when they heard a toilet flushing and other movement inside the residence." *Id.* at 26, 762 S.E.2d at 595. Accordingly, as we did in *Dorsey*, we find no merit to petitioner's arguments on appeal.

For the foregoing reasons, the circuit court's July 27, 2016, order denying petitioner's motion to suppress is hereby affirmed.

Affirmed.

**ISSUED**:  September 25, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker