# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 18-0576** (Wood County 16-F-45)

**Keith Irons,**
**Defendant Below, Petitioner**

**FILED**

**November 8, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Keith Irons, by counsel Courtney L. Ahlborn, appeals the Circuit Court of Wood County's May 22, 2018, order sentencing him to a one-to-five-year term of incarceration for his conviction of one count of conspiracy to deliver a controlled substance. The State of West Virginia, by counsel Scott E. Johnson, filed a response. On appeal, petitioner argues that the circuit court erred in considering impermissible factors during sentencing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2016, petitioner was indicted on three counts of delivery of a controlled substance, three counts of second-offense delivery of a controlled substance, and three counts of conspiracy to deliver a controlled substance. In April of 2018, petitioner pled guilty to one count of conspiracy to deliver a controlled substance.[1]

---

[1]West Virginia Code § 61-10-31 provides that

[a]ny person who violates the provisions of this section by conspiring to commit an offense against the state which is a felony . . . shall be guilty of a felony, and, upon conviction thereof, shall be punished by imprisonment in the penitentiary for not less than one nor more than five years or by a fine of not more than ten thousand dollars, or, in the discretion of the court, by both such imprisonment and fine.

The circuit court held a sentencing hearing in May of 2018. Petitioner requested alternative sentencing and cited certain classes taken during his incarceration as evidence of his rehabilitation. The State opposed alternative sentencing based on petitioner's criminal history, which included a recent federal conviction for delivery of heroin. The State argued that petitioner was sentenced to probation for that federal conviction, and he violated the terms of that probation. Before pronouncing petitioner's sentence, the circuit court openly considered petitioner's criminal history and prior sentences:

> All right. I'm sure [petitioner] wishes on the prior case in 11-F-251 that he had successfully completed Anthony Center.[2] He would have been a long ways better, in better shape than he is today, but he had been returned unfit, according to those records and according to the records of this Court. So he ended up sentenced on wanton endangerment and served a jail sentence for domestic battery on that same charge.
>
> And he was charged here locally, but then that was picked up by the federal authorities and he was prosecuted for distribution of heroin in Federal Case 2:14-CR000055-1. That's where he is currently serving a sentence in federal custody for violation of his supervised release. So he does have a significant criminal history.

The circuit court also considered information in petitioner's presentence investigation report:

> I see in [petitioner's] statement, he tries to deflect blame to a co-defendant . . . but at least one case, the delivery was directly from [petitioner], as shown on page [three] of the pre-sentence report, and that he admonished the [confidential informant] not to come directly to him in the future, not to come to his house. Apparently, he usually delivered through an intermediary such as . . . one of his co-defendants. He also utilized [another] co-defendant . . . involved in the transactions. So these are very serious matters regarding heroin distribution in our area.

Upon these factors, the circuit court sentenced petitioner to a one-to-five-year term of incarceration and ordered that it run consecutively to petitioner's sentence for his federal conviction. The circuit court entered the sentencing order on May 22, 2018. It is from this order that petitioner now appeals.

---

[2]"Anthony Center" refers to the Anthony Correctional Center, which is a potential alternative sentence for adult offenders between the ages of eighteen and twenty-five. Offenders are committed for a term of six months to two years and are released on probation if successful in completing the program's requirements.

This Court reviews sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Adams*, 211 W. Va. 231, 565 S.E.2d 353 (2002) (citations omitted). We have also held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review."[3] Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982).

On appeal, petitioner argues that two of the circuit court's factors during sentencing were impermissible. First, petitioner argues that the circuit court should not have considered that he was deemed "unfit" for the Anthony Center. Petitioner asserts that he served his sentence following his expulsion from the Anthony Center and the circuit court punished him twice for the same crime in considering that information. We have previously held that a sentencing court may consider a defendant's prior criminal history and rehabilitative potential. *See* syl. pt. 2, *State v. Buck*, 173 W. Va. 243, 314 S.E.2d 406 (1984) (holding that a sentencing court may consider codefendants' respective involvement in the crime, prior records, rehabilitative potential, and lack of remorse). In this case, the circuit court considered petitioner's prior opportunities for alternative sentencing, namely the Anthony Center and probation for his federal conviction. Petitioner's failure to abide by those prior alternative sentences is relevant in sentencing petitioner for his most recent conviction and not an impermissible factor. Petitioner is entitled to no relief in this regard.

Petitioner also argues that the circuit court erred in considering evidence related to the crimes charged in the indictment, but for which he was not convicted.[4] Petitioner avers that the circuit court considered police reports included in the presentence investigation report as fact and accused petitioner of delivery of a controlled substance. We find no error in the circuit court's consideration of this information. "[T]he trial court, in determining the character and extent of a defendant's punishment, may consider 'the facts of the [crime] and may search anywhere, within reasonable bounds, for other facts which tend to aggravate or mitigate the offense.'" *State v. Koon*, 190 W. Va. 632, 641, 440 S.E.2d 442, 451 (1993) (quoting *State v. Houston*, 166 W. Va. 202, 208, 273 S.E.2d, 375, 378 (1980)). The circuit court reasonably relied on the narrative of the crime provided in the presentence investigation report to gauge petitioner's involvement in the crime. Conspicuously, petitioner did not object to the presentence investigation report or any of the information contained therein. Therefore, we do not find this information to be an impermissible factor for the purpose of sentencing. Petitioner's objection on appeal to the veracity of this information is unpersuasive. Petitioner's decision to plead guilty stunted the determination of the facts through a trial and his rights related thereto. *See Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) ("Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.") (internal citations omitted). As such, we find no error in petitioner's sentence.

---

[3]Petitioner concedes that his sentence is within the statutory limits.

[4]Notably, petitioner provides no legal authority to support this argument.

3

For the foregoing reasons, the circuit court's May 22, 2018, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**:  November 8, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison