# WHEELING.

STATE OF WEST VIRGINIA *v.* BEASLEY.

Submitted February 3, 1883—Decided April 28, 1883.

1. A verdict of guilty, found upon an indictment, under section 1 of chapter 107, Acts 1877, which charges a sale of "spirituous liquors, wine, beer," &c., in which the proof was that the defendant sold "a glass of liquor" for "ten cents," will not be set aside

by the Appellate Court upon the ground that the proof was insufficient to warrant such verdict.  (p. 779.)

2. Our statute—Code, chap. 13, § 12—which declares that, "The time within which an act is to be done shall be computed by excluding the first day and including the last; or, if the last be Sunday, it shall also be excluded," applies to the construction of statutes in criminal as well as civil cases.  (p. 779.)

3. An indictment for a misdemeanor is found against B. on June 3, 1879, and the evidence proves that the offense charged was committed on June 3, 1878, the prosecution is not barred by the statute of limitations.  (p. 781.)

Writ of error to a judgment of the circuit court of the county of Raleigh, rendered on the 6th day of November, 1879, on an indictment against Robert Beasley for the unlawful selling of spirituous liquors, allowed upon the petition of said Beasley.

Hon. Evermont Ward, judge of the ninth judicial circuit, rendered the judgment complained of.

The facts of the case are stated in the opinion of the Court.

No appearance for plaintiff in error.

*Attorney-General Watts* for the State.

SNYDER, JUDGE, announced the opinion of the Court:

At a term of the circuit court of Raleigh county held on the 3d day of June, 1879, an indictment was found against Robert Beasley for a misdemeanor, which charges that the said "Beasley, on the 4th day of June, 1878, in the said county, did without a State license therefor, sell, offer and expose for sale, spirituous liquors, wine, beer," &c.

On the sixth day of November, 1879, the defendant pleaded not guilty, a trial was had by jury and a verdict of guilty returned fixing the fine against the defendant at ten dollars and fifty cents, and the court entered judgment for said fine and the costs.  On the day following the defendant moved the court to set aside said verdict and judgment upon the ground that the verdict was contrary to the law and the evidence, which motion the court overruled and the defendant excepted and tendered his bill of exceptions which is

made a part of the record. The bill of exceptions shows, that the State proved by Thomas Arnold, the only witness in the case, "That on the evening of the third day of June, 1878, late in the evening, at Raleigh Court House, in the county of Raleigh, he, in company with others, were starting home, and called at the house of the defendant to get a drink of liquor; that the defendant furnished him a glass of liquor, for which he paid him "ten cents;" that witness was before the grand jury of said county on the first or second day of the June term, 1879, of the circuit court of Raleigh county, and testified to the facts stated above." These were all the facts proved in the case.

From the judgment aforesaid the defendant obtained a writ of error to this Court.

Two grounds are relied on by the plaintiff in error to reverse the said judgment of the circuit court. The *first* is, that the proof was insufficient to warrant the finding of the jury; and the *second*, that the alleged offense was barred by the statute of limitations.

The only criticism made upon the insufficiency of the proof, and the only one to which it is at all susceptible, is, that, while the indictment charges a sale of "*spirituous* liquors, wine, beer*," &c., the proof is simply that the defendant sold " a glass of liquor." Taking the word " liquor" in connection with the attendant facts, that the witness "called at the house of defendant to get a *drink of liquor*; that the defendant furnished him a *glass of liquor* for which he paid him *ten cents*," it seems to me that the terms used are very suggestive of something stronger than water; and in my opinion the proof was sufficient to warrant the jury in finding that the defendant was guilty of selling intoxicating liquor of some kind. It would certainly be exceeding the legitimate power of this Court to set aside the verdict of the jury in such a case after it had been approved by the circuit court.

Was the offense barred by the statute of limitations? Our statute provides, that " a prosecution for a misdemeanor shall be commenced *within one year next after* there was cause therefor, &c. Code, ch. 152, sec. 10 p. 700.

It is a general rule that criminal statutes are to be con-

strued strictly as against defendants and liberally in their
favor; and in cases not especially excepted therefrom, the
statute of limitations comes within this general rule—Bish.
on Stat. Cr. § 259.   But the class of misdemeanors to which
the one at bar belongs is specially excepted from this general
rule of construction.   For section 44 of chapter 107 of the
Acts of 1877, under which act this indictment was found,
declares that:   "The provisions of this chapter shall in all
cases be construed as remedial and not penal"—Acts 1877 ch.
107 § 44.   This being then a remedial statute, it must, under
the rule for construing such statutes, be construed largely
and beneficially, so as to suppress the mischief and advance
the remedy—Sedgw. on Constr. Stat. 309.   In this case the
clear purpose of the statute is to suppress the illicit sale of
intoxicating liquors; such construction should, therefore, be
given to it by the courts as will advance that purpose.

Where the computation of time, as prescribed in statutory
enactments, is to be made from an act done, much contro-
versy has taken place as to whether the first day—that on
which the act is done—is to be included in the reckoning.
The earlier English cases included that day.   But in *Lester*
v. *Garland*, 15 Ves. 248, the day was excluded, and it was
intimated that no general rule existed.   The more recent de-
cisions, however, both in England and the United States,
seem to have established the rule, where it is not fixed by
statute, of excluding the day on which the act was done and
including the last day of the prescribed limitation, except
where the statute requires specially a given number of entire
days to intervene, in which case both are excluded—3 Chit.
Pr. 109; *Pitt* v. *Shew*, 4 Barn. & Ald. 208; *The People* v. *N.
Y. Central R. R. Co.* 28 Barb. 284; *Com.* v. *Maxwell*, 27 Pa.
St. 444; *Lang* v. *Phillips*, 27 Ala. 311; *Owen* v. *Slatter*, 26 *Id.*
547.

In *The State* v. *Asbury*, 26 Tex. 82, it was held, the day,
on which the act was done, must be included or excluded
according to the circumstances of the case, so as to effect the
intention of the parties.   In that case, which was similar to
the one at bar, the day was included and the prosecution de-
clared barred.

But whatever may be the general rule elsewhere, the rule

in this State is fixed by the Legislature. In our Code, under the heading, "Certain Rules for the Construction of Statutes," it is declared that: "The time *within* which an act is to be done shall be computed by excluding the first day and including the last; or, if the last be Sunday, it shall also be excluded"—Code, chap. 13 sec. 12 p. 92.

It has been suggested that this statute is intended to apply exclusively to civil cases. But it is not so qualified. It is general in its terms and I can see no good reason why it should not apply to criminal as well as civil cases. The mode of computing time in any particular case, or class of cases, is much less important than that there should be some uniform rule on the subject. I think it was the purpose of the Legislature to have the same rule of computation in all cases, criminal as well as civil. It is not for the public interest that there should be two rules, or that the rule should be less certain in criminal than it is in civil cases. It is better that the practice of the courts should be uniform. Even on general principles, the statute in this case being remedial, the day on which the offense was committed, would have to be excluded. But in our opinion the rule fixed by the statute should be followed in the construction of all statutes, except in those specially excepted.

The date of the finding of the indictment was the commencement of the prosecution and the statute of limitations ceased to run from that date. *Christian's Case,* 7 Gratt. 631. Excluding, then, the 3d day of June, 1878, the day on which the offense was committed, the indictment found on the 3d day of June, 1879, was "within one year next after," the 4th day of June, 1878, the day on which the statute commenced to run, and the prosecution was not barred.

The judgement of the circuit court must, therefore, be affirmed with costs and thirty dollars damages.

THE OTHER JUDGES CONCURRED.

JUDGMENT AFFIRMED.