## Richmond

## WILLIAM JOE JENKINS

v.

## COMMONWEALTH OF VIRGINIA

June 8, 1979.

Record No. 781452.

Present: All the Justices.

 

*L. G. Fitchett* for appellant.

*Robert H. Herring, Jr., Assistant Attorney General (Marshall Coleman, Attorney General*, on brief), for appellee.

HARMAN, J., delivered the opinion of the Court.

After waiving trial by jury, William Joe Jenkins (Jenkins or defendant) was tried and convicted by the trial court of involuntary manslaughter, Code §§ 18.2-30, -36, and of failing to stop at the scene of an accident when the vehicle he was operating was involved in an accident in which a person was killed or injured, Code §§ 46.1-176, -177, commonly referred to as "hit and run". Defendant was sentenced to serve a term of two years in the state penitentiary on each conviction.

By this appeal defendant challenges: (1) the trial court's denial, after conviction but prior to pronouncing sentence, of his motion for a presentence report, and (2) the sufficiency of the evidence to sustain his conviction of involuntary manslaughter.

The Commonwealth, citing Code § 19.2-299 and *J. P. Smith* v. *Commonwealth*, 217 Va. 329, 228 S.E.2d 557 (1976), confesses that the trial court erred in denying defendant's motion for a presentence report.

To consider the second issue raised by defendant it is necessary to review the evidence disclosed by the record. About 1:30 A.M. on Saturday, January 28, 1978, while driving a pickup truck along a paved rural secondary road in Gloucester County, defendant struck and injured Roosevelt Kenneth Redmond (Redmond or victim), a pedestrian. Defendant failed to stop and render assistance to Redmond, who died of the massive injuries which he sustained. His body, which was lying on the east shoulder of the highway, was not discovered until the following morning.

The asphalt pavement at the scene was approximately 18 feet wide. There was no centerline marking on the pavement. The speed limit at the scene was 55 miles per hour and the roadway was unlighted.

The victim was a 29 year-old black man who was dressed in dark clothing. The autopsy disclosed Redmond's blood alcohol level to be .20% by weight, an amount which an expert witness said was sufficient for the deceased "to show some symptoms of intoxication".

Defendant surrendered to the police on Sunday, January 29, and told them that he was the driver of the vehicle which struck and killed Redmond. Two statements, one oral and the other in writing, were given by defendant to the police on Sunday. Defendant was again questioned by the police the following Tuesday. As a result of this interview, defendant wrote out and signed a third statement which he gave to the police.

Here, as in the trial court, the Commonwealth relies on defendant's statements, the only evidence in the record showing exactly when, where and how the accident occurred, to sustain his manslaughter conviction.

These statements, viewed in the light most favorable to the Commonwealth, show that defendant was driving his truck south at a speed of approximately 45 miles per hour. His headlights were on low beam. Defendant further stated that his truck was traveling "down the middle" of the unmarked pavement when he was suddenly confronted with a pedestrian, a black man dressed in dark clothes, who was at or near the center of the northbound lane. Defendant further related that he applied his brakes abruptly but was unable to avoid striking the victim. He further said that his vehicle skidded sideways after he applied his brakes but he was able to regain control of it. He admitted he did not stop at the scene and render assistance to the victim, and did not report the incident to the police for more than 36 hours.

From this evidence the Commonwealth argues that defendant's statements show that he was driving to the left of the center of the highway in violation of Code § 46.1-203* and also show he failed to keep a proper lookout.

The Commonwealth, conceding that simple or ordinary negligence will not sustain a conviction of manslaughter, recognizes

---

*Code § 46.1-203, in pertinent part, provides:
"Except as otherwise provided by law upon all highways of sufficient width the driver of a vehicle shall drive the same upon the right half of the highway, unless it is impracticable to travel on such side of the highway. . . ."

that the failure to keep a proper lookout is ordinarily an act of simple negligence and, likewise, that driving to the left of the center of the road ordinarily constitutes no more than simple negligence. The Commonwealth argues, however, that the cumulative effect of these two concurring acts of simple negligence is so flagrant, culpable and wanton as to show an utter disregard of the safety of others under circumstances likely to cause injury. We do not agree with this argument.

In *King v. Commonwealth*, 217 Va. 601, 231 S.E.2d 312 (1977), we had occasion to review, discuss and distinguish many of the decided cases dealing with involuntary manslaughter arising from the operation of a motor vehicle. There we said:

> "We conclude that involuntary manslaughter arising from the operation of a motor vehicle should be predicated solely upon criminal negligence proximately causing death. Accordingly, we define involuntary manslaughter in the operation of a motor vehicle as the accidental killing which, although unintended, is the proximate result of negligence so gross, wanton, and culpable as to show a reckless disregard of human life."

217 Va. at 607, 231 S.E.2d at 316.

We applied that test in *Mayo v. Commonwealth*, 218 Va. 644, 238 S.E.2d 831 (1977), when we held that a gross violation of the posted speed limit, coupled with other evidence of reckless driving in a congested residential area, was sufficient to sustain an involuntary manslaughter conviction.

Applying the same test in the present case, we hold the evidence insufficient to support Jenkins' conviction. The evidence shows that Jenkins drove down the center of a narrow, unlighted, unmarked, rural, secondary road in the early morning hours at a time when he was unlikely to encounter other traffic or pedestrians. Jenkins was driving at a speed well within the posted speed limit and there is no evidence of drinking or of recklessness in the operation of his truck. While the victim was first seen by Jenkins somewhere near the center of the northbound traffic lane, there is no evidence showing what Redmond had been doing or where he had been walking prior to being sighted by Jenkins, immediately before being struck by the truck. This evidence, at most, shows only ordinary negligence and not such gross, wanton and culpable

negligence as to show a reckless disregard of human life necessary to sustain the conviction of involuntary manslaughter.

Therefore, the conviction of involuntary manslaughter will be reversed and that case will be dismissed. *Burks* v. *United States,* 437 U.S. 1 (1978); *Greene* v. *Massey,* 437 U.S. 19 (1978). The judgment order entered on the "hit and run" charge is affirmed as to the finding of guilt on that charge, but is reversed as to all proceedings subsequent thereto. Accordingly, the "hit and run" case will be remanded for re-sentencing in compliance with the mandate of Code § 19.2-299.

*Affirmed in part,*
*and remanded as to the*
*"hit and run" conviction;*
*Reversed and dismissed*
*as to involuntary*
*manslaughter conviction.*