460 S.E.2d 288

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**James Malcomb LINKOUS, Defendant Below, Appellant.**

**No. 22692.**

Supreme Court of Appeals of West Virginia.

Submitted May 9, 1995.

Decided June 15, 1995.

Ernest V. Morton, Jr., Pros. Atty. of Webster County, Webster Springs, for appellee.

Jack Alsop, Webster Springs, for appellant.

PER CURIAM:

James Malcomb Linkous appeals his conviction of negligent homicide, a misdemeanor offense, by a jury trial in the Circuit Court of Webster County. On appeal, Mr. Linkous alleges the following assignments of error: (1) The circuit court erred in failing to bar his prosecution because of the statute of limitations; (2) The circuit court erred in failing to require the State to disclose the prior convictions of witnesses; (3) The circuit court erred in refusing to allow individual *voir dire* of a juror who drove past the fatal accident; (4) The circuit court erred in failing to direct a verdict; and (5) The circuit court erred in instructing the jury. Because the evidence shows that Mr. Linkous' assign-

ments of errors are without merit, we affirm his conviction.

On November 16, 1991, in Cowen, Webster County, West Virginia, Kenny Wright died as a result of the injuries he received when a pickup truck crossed the center line and struck his pickup truck. The State alleges that James Malcomb Linkous was driving the truck that struck Mr. Wright's pickup truck. According to the State, Mr. Linkous was seen shortly before the accident driving recklessly at a high rate of speed. According to defendant, he was merely a passenger in the truck, which his cousin, Jimmy Ray Linkous, was driving when the fatal accident occurred. On the day after the fatal accident, Jimmy Ray Linkous told the state police that he was the driver.[1]

On November 16, 1992, the defendant was indicted for negligent homicide, a violation of *W.Va.Code* 17C–5–1 [1979].[2] The defendant was tried and convicted by a jury and sentenced to the West Virginia Central Regional Jail for one year. Alleging various errors, the defendant appealed to this Court.

I

The defense's first assignment of error is that the circuit court erred in failing to not find that his prosecution was barred by the statute of limitation. *W.Va.Code* 61–11–9 [1923] states, in pertinent part, that "prosecution for a misdemeanor shall be commenced within one year after the offense was committed...." The defense argues that because the accident occurred on November 16, 1991, and the indictment was not returned until November 16, 1992, the defendant's prosecution is barred.

---

1. On the night of the accident, Jimmy Ray Linkous told a deputy that he was not the truck's driver and described a third person as the driver. Jimmy Ray Linkous testified that he spoke with the victim, who had some blood on his face.

A paramedic, who tended the victim at the accident site, and a physician, who later treated the victim, testified that the victim had massive facial injuries and was unable to talk.

2. *W.Va.Code* 17C–5–1 [1979] states:

(a) When the death of any person ensues within one year as a proximate result of injury

received by the driving of any vehicle anywhere in this state in reckless disregard of the safety of others, the person so operating such vehicle shall be guilty of negligent homicide.

(b) Any person convicted of negligent homicide shall be punished by imprisonment for not more than one year or by fine of not less than one hundred dollars nor more than one thousand dollars, or by both such fine and imprisonment.

(c) The commissioner shall revoke the license or permit to drive and any nonresident operating privilege of any person convicted of negligent homicide.

■ The defense's computation argument fails to consider *W.Va.Code* 2–2–3 [1973], which provides that "[t]he time or period prescribed or allowed within which an act is to be done shall be computed by excluding the first day and including the last...." In *Lamb Trustee, etc. v. Cecil*, 28 W.Va. 653, 658 (1886), we noted that "[t]he rule prescribed by the statute is, that the day on which the cause of action arose must be excluded so as to make the time commence on the following day...." *See Steeley v. Funkhouser*, 153 W.Va. 423, 429, 169 S.E.2d 701, 705 (1969) (the first day is excluded because the cause of action may occur "too late for a civil action to be commenced on that day"). We have long held that these same time computation rules apply in criminal cases. Syl. pt. 2, *State v. Beasley*, 21 W.Va. 777 (1883) states:

> Our statute—Code, chap. 13, sec. 12— which declares that, "The time within which an act is to be done shall be computed by excluding the first day and including the last; or, if the last be Sunday, it shall also be excluded," applies to the construction of statutes in criminal as well as civil cases. (p. 779.)

In *Beasley*, we said that because the "uniform rule" was fixed by statute, "the purpose of the Legislature [is] to have the same rule of computation in all cases, criminal as well as civil." *Beasley*, 21 W.Va. at 781.[3]

Because Mr. Linkous' prosecution was started within one year as defined by statute, we find that the circuit court was correct in refusing to dismiss the indictment as time barred.

## II

The second assignment of error alleges that the State failed to disclose the prior convictions of the State's witnesses. During discovery, the defense filed a motion requesting disclosure and the State responded by saying that it could not comply because it lacked the witnesses' birth dates and social security numbers, which are necessary to obtain information about prior convictions. No motion to compel is in the record and apparently no action was taken by the circuit court on this discovery request.

Rule 16(a)(1)(E) [1985] of the *W.Va. R.Crim.P.* requires disclosure of "any record of prior convictions of any such witnesses which is *within the knowledge of the state.* [Emphasis added.]"[4]

■ Although the defense argues that the State's failure to disclose the requested information hampered the preparation of its case, the record contains no mention of any prior convictions or any questions by the defense concerning prior convictions. In Syl. pt. 2, *State v. Gary F.*, 189 W.Va. 523, 432 S.E.2d 793 (1993), we stated:

> Our traditional appellate standard for determining whether the failure to comply with court[-]ordered pretrial discovery is prejudicial is contained in Syllabus Point 2 of *State v. Grimm*, 165 W.Va. 547, 270 S.E.2d 173 (1980), and is applicable to discovery under Rule 16 of the Rules of Criminal Procedure. It is summarized: The non-disclosure is prejudicial where the defense is surprised on a material issue and where the failure to make the disclosure hampers the preparation and presentation of the defendant's case.

■ In this case, we note that the State did not know if its witnesses had prior convictions and did not have sufficient information to obtain the requested information. Given that the information was not "within the knowledge of the state", we find no violation of Rule 16(a)(1)(E) [1985] of the *W.Va.*

---

3. The defense urges us to reject *Beasley* because although Syl. pt. 3 states that the offense was committed on June 3, 1878, the text of *Beasley* states that the offense occurred on June 4, 1878. *Beasley*, 21 W.Va. at 778 and 781. Because this minor factual discrepancy does not invalidate *Beasley's* determination that *W.Va.Code* 2–2–3 [1973] applies in criminal cases, we decline to reject *Beasley*.

4. Rule 16(a)(1)(E) [1985] of the *W.Va.R.Crim.P.* states, in pertinent part:
   > Upon request of the defendant, the state shall furnish to the defendant a written list of names and addresses of all state witnesses whom the attorney for the state intends to call in the presentation of the case in chief, together with any record of prior convictions of any such witnesses which is within the knowledge of the state.

*R.Crim.P.* The State supplied the defense with a list of its potential witnesses sufficiently in advance of trial to enable the defense to prepare its case.

■ We also note that the issue of prior convictions was not material; there was no element of surprise; and, no prejudice to the defense was shown. Given that the witnesses' prior convictions were not an issue, we find the second assignment of error is without merit.

### III

The defense also alleges that circuit court failed to permit individual *voir dire* of a prospective juror who drove past the accident scene. During general questioning a prospective juror said that she had driven by the accident. The circuit court conducted individual *voir dire* of the prospective juror who said that she "just glanced, that's it, and went on." At the end of the *voir dire*, the circuit court said to the prospective juror:

Well, if you're a member of the jury, I'll ask you not to say one word about this in the jury room, okay; what you saw? I think under those circumstances, I will once again refuse the request for voir dire.[5]

■ In this case, the prospective juror who drove past and "glanced" at the accident scene, was questioned individually by the court. Although the circuit court refused to permit the defense to question the prospective juror, the court's questions showed that the juror had no special knowledge and,

therefore, could return a verdict without bias or prejudice. In Syl. pt. 4, *State v. Knotts*, 187 W.Va. 795, 421 S.E.2d 917 (1992), we stated:

"When a trial court determines that prospective jurors have been exposed to information which may be prejudicial, the trial court, upon its own motion or motion of counsel, shall question or permit the questioning of the prospective jurors individually, out of the presence of the other prospective jurors, to ascertain whether the prospective jurors remain free of bias or prejudice." Syl. pt. 1, *State v. Finley*, 177 W.Va. 554, 355 S.E.2d 47 (1987).

■ We recently noted that the decision of how to conduct *voir dire* is within the sound discretion of the circuit court. Syl. pt. 5, *State v. Derr*, 192 W.Va. 165, 451 S.E.2d 731 (1994) states:

" 'In a criminal case, the inquiry made of a jury on its *voir dire* is within the sound discretion of the trial court and not subject to review, except when the discretion is clearly abused.' Syl. pt. 2, *State v. Beacraft*, 126 W.Va. 895, 30 S.E.2d 541 (1944)[, *overruled on other grounds, State v. Dolin*, 176 W.Va. 688, 347 S.E.2d 208 (1986), *overruled on other grounds, State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990) ]." Syllabus Point 2, *State v. Mayle*, 178 W.Va. 26, 357 S.E.2d 219 (1987).

*See* Syl. pt. 1, in part, *Michael v. Sabado*, 192 W.Va. 585, 453 S.E.2d 419 (1994); *W.Va.Code* 56–6–12 [1923] and Rule 24(a) [1981] of the *W.Va.R.Crim.P.*

---

5. The following is the individual voir dire of the prospective juror:

THE COURT: Ms. Johns, you say you drove by this incident, what they said was this incident, after it happened?

PROSPECTIVE JUROR JOHNS: Well, I just glanced, that's it, and went on.

THE COURT: Did you see who was there?

PROSPECTIVE JUROR JOHNS: No; I really didn't pay a whole lot of attention to it.

THE COURT: Did you see—

PROSPECTIVE JUROR JOHNS: I just glanced and went on.

THE COURT: Did you see who was driving either vehicle?

PROSPECTIVE JUROR JOHNS: No.

THE COURT: Did you know at the time who was involved in the accident?

PROSPECTIVE JUROR JOHNS: Just the Wright boy.

THE COURT: Beg your pardon?

PROSPECTIVE JUROR JOHNS: Just the Wright boy.

THE COURT: You knew at that time is [sic] was the young Mr. Wright?

PROSPECTIVE JUROR JOHNS: Yeah, because my boy friend knew him.

THE COURT: Beg your pardon?

PROSPECTIVE JUROR JOHNS: My boy friend knew him.

THE COURT: But you knew that at that time, and that's all you knew?

PROSPECTIVE JUROR JOHNS: That's it.

In *State v. Duncan,* 179 W.Va. 391, 396, 369 S.E.2d 464, 469 (1988), we found no abuse of discretion in denying individual *voir dire* in a case that had substantial media attention. "The trial court's exercise of discretion in determining the extent of inquiry on voir dire is not normally subject to review on appeal. However, the court's discretion is limited by the requirements of due process, and may be reviewed in a case of abuse. [Citations omitted.]" *State v. Ashcraft,* 172 W.Va. 640, 648, 309 S.E.2d 600, 608 (1983). *See* Syl. pt. 2, *Michael v. Sabado, supra;* Syl. pt. 3, *State v. Pratt,* 161 W.Va. 530, 244 S.E.2d 227 (1978) (jurors who indicate possible prejudice "should be excused, or should be questioned individually either by the court or by counsel").

In this case, the prospective juror did not indicate any special knowledge, bias or prejudice, and the circuit court questioned the prospective juror individually and ended by admonishing the prospective juror not to discuss the accident's circumstances in the jury room. Based on the record, we find that the circuit court did not abuse its discretion in refusing to let the defense conduct individual *voir dire* of the prospective juror.

Finally, we note that this prospective juror did not serve on the jury. According to the State's brief and to both the defense and the State during oral argument, this prospective juror was struck by the State.

IV

The defense maintains that the State failed to prove the essential elements of negligent homicide beyond a reasonable doubt. *See W.Va.Code* 17C–5–1 [1979], *supra* note 2. Specifically, the defense maintains that the State did not prove any action beyond "ordinary negligence" that is "'negligence so gross, wanton and culpable as to show a reckless disregard of human life.'" *State v. Vollmer,* 163 W.Va. 711, 716, 259 S.E.2d 837, 840–841 (1979), *quoting Jenkins v. Commonwealth,* 220 Va. 104, 107–108, 255 S.E.2d 504, 506 (1979) and *King v. Commonwealth,* 217 Va. 601, 607, 231 S.E.2d 312, 316 (1977). The State has the burden of proving this essential element of the offense of negligent homicide beyond a reasonable doubt. *See* Syl. pt. 3,

*State v. Knight,* 168 W.Va. 615, 285 S.E.2d 401 (1981).

In this case, the State presented an accident reconstruction expert who testified that the Linkous pick-up truck crossed the center line; however, the State's expert did not know why the center line had been crossed. One witness for the State testified that shortly before the accident he saw the Linkous truck "spinning out, carrying on, slid sideways and went on down towards town." Another witness testified that he was standing beside the road and saw "a Ford truck come through town at a high rate of speed ..., he swerved on the edge of the road, crossed the center and hit another truck." Still another witness testified that about 15 or 20 minutes before the accident, he saw the defendant get into the truck and drive away.

The State also introduced a statement by Jimmy Ray Linkous, cousin of the defendant, saying that he, not the defendant, was driving the truck when the fatal accident occurred. Mr. Jimmy Ray Linkous said he was driving because the defendant had drunk "a couple of beers" and he "wouldn't let Jim drive under the influence." In the defendant's voluntary statement, which was also read to the jury, the defendant said because he had been drinking, he let his cousin drive. The State also presented testimony that contradicted Mr. Jimmy Ray Linkous' statements concerning the condition of the victim after the accident. *See supra* note 1.

Our standard for determining whether there is sufficient evidence to support a guilty verdict was stated in Syl. pt. 1, *State v. Starkey,* 161 W.Va. 517, 244 S.E.2d 219 (1978).

In a criminal case, a verdict of guilt will not be set aside on the ground that it is contrary to the evidence, where the state's evidence is sufficient to convince impartial minds of the guilt of the defendant beyond a reasonable doubt. The evidence is to be viewed in the light most favorable to the prosecution. To warrant interference with a verdict of guilt on the grounds of insufficiency of evidence, the court must be convinced that the evidence was manifestly

inadequate and that consequent injustice has been done.

*See* Syl. pt. 1, *State v. Mullins,* 193 W.Va. 315, 456 S.E.2d 42 (1995); Syl. pt. 1, *State v. Kirkland,* 191 W.Va. 586, 447 S.E.2d 278 (1994); *State v. Koon,* 190 W.Va. 632, 440 S.E.2d 442 (1993) (per curiam); *State v. George W.H.,* 190 W.Va. 558, 439 S.E.2d 423 (1993); *State v. Williams,* 190 W.Va. 538, 438 S.E.2d 881 (1993); *State v. Smith,* 190 W.Va. 374, 438 S.E.2d 554 (1993); *State v. Vandevender,* 190 W.Va. 232, 438 S.E.2d 24 (1993); *State v. Knotts,* 187 W.Va. 795, 421 S.E.2d 917 (1992); *State v. Hose,* 187 W.Va. 429, 419 S.E.2d 690 (1992).

Based the record, we find the evidence not to be manifestly inadequate to support Mr. Linkous' conviction and, therefore, we find this assignment of error without merit.

### V

In his final assignment of error, Mr. Linkous alleges that the jury's instructions were in error. Specifically Mr. Linkous alleges that State's Instruction No. 2 required the jury to apply mere negligence as the standard of proof rather than the obviously higher standard that the vehicle be driven "in reckless disregard of the safety of others." *W.Va.Code* 17C–5–1(a) [1979], *supra* note 2.[6] Mr. Linkous also argues that this instruction is incomplete.

■■■ In *State v. Derr,* 192 W.Va. 165, 179, 451 S.E.2d 731, 745 (1994) we noted that the circuit court was accorded much discretion concerning the adequacy of a circuit court's choice and selection of jury instructions. *See State v. Satterfield,* 193 W.Va. 503, 514–15, 457 S.E.2d 440, 451–52, Slip op. 20 (1995). On review, this Court considers the jury instructions as a whole. "Furthermore, the trial court has broad discretion in determining the wording of the jury instructions. As long as the jury instructions given by the trial court adequately and accurately cover the substance of the requested instructions, there is no abuse. *State v. Beegle,* 188

W.Va. 681, 686–87, 425 S.E.2d 823, 828–29 (1992)." *Derr, id.* Syl. pt. 15, *State v. Bradshaw,* 193 W.Va. 519, 457 S.E.2d 456, (1995) states:

> Jury instructions are reviewed by determining whether the charge, reviewed as a whole, sufficiently instructed the jury so they understood the issues involved and were not misled by the law. A jury instruction cannot be dissected on appeal; instead, the entire instruction is looked at when determining its accuracy. The trial court, therefore, has broad discretion in formulating its charge to the jury, so long as it accurately reflects the law. Deference is given to the circuit court's discretion concerning the specific wording of the instruction, and the precise extent and character of any specific instruction will be reviewed for an abuse of discretion.

■■■ In this case, when the jury instructions are taken as a whole, they clearly require the State to show more than simple negligence; rather, the jury is instructed to apply the "reckless disregard of the safety of others" standard. *See State v. Vollmer,* 163 W.Va. 711, 715–16, 259 S.E.2d 837, 841 (1979) (discussing the standard applied to the negligent homicide statute, *W.Va.Code* 17C–5–1).

■■■ The defense also argues that the circuit court erred in refusing to give Defendant's Instruction Nos. 3 and 6. Syl. pt. 11, *Derr, supra* states:

> A trial court's refusal to give a requested instruction is reversible error only if: (1) the instruction is a correct statement of the law; (2) it is not substantially covered in the charge actually given to the jury; and (3) it concerns an important point in the trial so that the failure to give it seriously impairs a defendant's ability to effectively present a given defense.

Defendant's Instruction No. 1, which was given, instructed the jury on the same material contained in the two refused instructions. Although the refused instructions emphasized different theories, neither instruction is

---

6. State's Instruction No. 2 provides, in pertinent part:

> The Court instructs the jury that as to Count One of the Indictment, if you believe beyond a reasonable doubt that:

> (1) the defendant, James Malcomb Linkous, drove a vehicle with reckless disregard of the safety of others, an act forbidden by law....

a correct statement of the law and required elements of the crime were contained in other instructions.[7] In *Derr,* 192 W.Va. at 179, 451 S.E.2d at 745, we noted "that 'adequacy' not 'charity' is the standard by which we review instructions for error."

In this case, we find that when taken as a whole the instructions "were not misleading or confusing to the jury such that there was a reasonable likelihood that the conviction was based on insufficient proof ... [and] 'correctly convey[ed] the concept of reasonable doubt to the jury.' *Victor [v. Nebraska],* —— U.S. [——,] at ——, 114 S.Ct. [1239] at 1243, 127 L.Ed.2d [583] at 590 [1994]." *Derr, supra,* 192 W.Va. at 180, 451 S.E.2d at 746. Accordingly, we find no merit in Mr. Linkous' final assignment of error.

For the above stated reasons, we affirmed the decision of the Circuit Court of Webster County.

Affirmed.

BROTHERTON and RECHT, JJ., did not participate.

MILLER, Retired Justice, and FOX, Judge, sitting by temporary assignment.

CLECKLEY, J., dissents, and reserves the right to file a dissenting opinion.

CLECKLEY, Justice, dissenting:

I dissent to Syllabus Point 4 for the same reasons stated in my concurring opinion in *State v. Phalen,* 192 W.Va. 267, 271–72, 452 S.E.2d 70, 74–75 (1994).

---

**7.** Defendant's Instruction No. 1 instructed the jury on the elements of negligent homicide and required proof beyond a reasonable doubt. Defendant's Instruction No. 3 concerned the elements of negligent homicide, but also required that the jury find "that the resulting accident and death of Mr. Wright were foreseeable." Defendant's Instruction No. 6 again concerned the elements of negligent homicide, but also required the jury find "that the defendant committed a criminal act with a criminal intent." Neither of the refused instructions is a correct statement of the law concerning the elements of negligent homicide.