COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Humphreys and Clements
Argued at Salem, Virginia


THOMAS TYLER WRIGHT
                                          OPINION BY
v.   Record No. 0889-02-3         JUDGE ROBERT J. HUMPHREYS
                                        FEBRUARY 11, 2003
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
                      George E. Honts, III, Judge

           Randy V. Cargill (Magee, Foster, Goldstein &
           Sayers, P.C., on brief), for appellant.

           Paul C. Galanides, Assistant Attorney General
           (Jerry W. Kilgore, Attorney General, on
           brief), for appellee.


     Thomas Tyler Wright appeals his conviction, after a bench

trial, for maiming, in violation of Code § 18.2-51.4.[1]  Wright

contends the trial court erred in finding the evidence sufficient

to establish that he drove in a manner so gross, wanton and

culpable as to show a reckless disregard for human life, as

required by the statute.  For the reasons that follow, we affirm

the judgment of the trial court.

_____

     [1] Wright was also convicted, after his plea of no contest,
of driving while intoxicated.  However, Wright raises no issue
as to this conviction on appeal.

## I.  Background

Virginia State Police Trooper Mike Bradley was dispatched to the scene of a car accident at approximately 2:10 a.m. on June 3, 2001.  When he arrived, emergency personnel were already present and treating two individuals on the ground.  Bradley observed Wright standing nearby, in the company of two deputies.  Trooper Bradley approached Wright and asked him what he knew about the accident.  Wright stated, "I'm f---ing drunk, okay?  I was driving.  Run off the f---ing road.  I'm f---ing drunk."  Bradley asked Wright how much he had had to drink, and Wright responded "I don't f---ing know.  A lot."  He then asked Wright how fast he had been driving.  Wright stated, "Don't know.  Too f---ing fast."

As emergency personnel attempted to treat Wright's injuries, Trooper Bradley observed that Wright cursed and spat at them. Wright's demeanor fluctuated from "one extreme to the other," as he was calm one moment and then "yelling, cursing and screaming," the next.  Wright was eventually restrained by medical personnel and transported to the hospital.  Trooper Bradley then obtained a search warrant for a sample of Wright's blood.  The analysis showed that Wright had a blood alcohol content of 0.09%.  Wright was arrested on charges of driving while intoxicated, in violation of Code § 18.2-266 and maiming, in violation of Code § 18.2-51.4.

At trial, Trooper Bradley testified that, when he arrived at the scene, he observed emergency personnel performing CPR on Matthew Switzer, a passenger in Wright's car.  He further stated

-

that, according to Wright, the accident occurred when he was travelling south on Route 640 and approached a sharp right curve in the road. Instead of making the turn, Wright continued straight and drove off the left side of the road, over an embankment, crashing into a tree. The "total distance off the left side of the road to the impact was one hundred forty-seven feet." The skid marks measured sixty-four feet. Trooper Bradley testified that there was no posted speed limit on that road, so the speed limit was "fifty-five" miles per hour.

Switzer testified that he was a passenger in Wright's car when the accident occurred. Switzer stated that Wright picked him up that evening at about 5:00 or 6:00 p.m. and that they went riding around with another passenger named "Shaney." Switzer stated that at some point, they stopped and obtained over a dozen Xanax pills. He stated that everyone in the car took the pills. He personally took three-and-a-half pills. They later obtained some beer and drank while they continued to drive around. Switzer did not recall the accident.

The doctor who treated Switzer testified that Switzer presented to the emergency room with "a lot of superficial lacerations," and a severely fractured jaw.

At the close of the evidence, Wright moved to strike, contending that the Commonwealth had failed to establish that he drove in a manner so gross, wanton and culpable as to show a reckless disregard for human life. The trial court denied the

-

motion finding that although the evidence may not have proven that Wright was driving "in excess of the speed limit," "his speed was clearly too fast for the conditions and clearly too fast for him to be able to maintain proper control." The court then found Wright guilty of the charge and sentenced him to five years in prison, with four years suspended.

## II. Analysis

On appeal, Wright contends the trial court erred in finding the evidence sufficient, as a matter of law, to support his conviction. Specifically, Wright contends Code § 18.2-51.4 mandates "three elements of proof: 1) The person must drive while intoxicated; 2) The manner of driving while intoxicated must be so 'gross, wanton and culpable as to show a reckless disregard for human life'; and 3) The driving while intoxicated in the requisite manner must cause serious injury resulting in permanent physical impairment." Thus, Wright argues the element of driving while intoxicated is separate and distinct from the element of driving in a "gross, wanton and culpable" manner and that driving while intoxicated cannot serve as evidence to support the requisite manner of driving. We disagree.

We first note that the standard for appellate review of criminal convictions is well established. "When a defendant challenges the sufficiency of the evidence, we are required to review the evidence 'in the light most favorable to the Commonwealth and give it all reasonable inferences fairly

-

deducible therefrom.'"  Collins v. Commonwealth, 13 Va. App. 177,

179, 409 S.E.2d 175, 176 (1991) (quoting Higginbotham v.

Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975)).  "The

conviction will not be reversed unless it is plainly wrong or

without evidence to support it."  Id.; see also Code § 8.01-680.

Code § 18.2-51.4 provides that

> [a]ny person who, as a result of driving
> while intoxicated . . . in a manner so
> gross, wanton and culpable as to show a
> reckless disregard for human life,
> unintentionally causes the serious bodily
> injury of another person resulting in
> permanent and significant physical
> impairment shall be guilty of a Class 6
> felony.

While no Virginia appellate court has issued a decision

interpreting this particular statute, the common law definition of

criminal negligence, as stated in the statute, is well settled.

Indeed, in Bell v. Commonwealth, 170 Va. 597, 611, 195 S.E. 675,

681 (1938), the Supreme Court of Virginia

> defined criminal negligence in terms of
> "gross negligence," stating that conduct "is
> culpable or criminal when accompanied by
> acts of commission or omission of a wanton
> or wil[l]ful nature, showing a reckless or
> indifferent disregard of the rights of
> others, under circumstances reasonably
> calculated to produce injury, or which make
> it not improbable that injury will be
> occasioned, and the offender knows, or is
> charged with the knowledge of, the probable
> result of his acts."  170 Va. at 611-12, 195
> S.E. at 681.

Ellis v. Commonwealth, 29 Va. App. 548, 557, 513 S.E.2d 453,

457-58 (1999).  Thus,

-

> [w]hile willful misconduct requires an intentional or purposeful act or failure to act, gross or criminal negligence involves [an act or] a failure to act under circumstances that indicate a passive and indifferent attitude toward the welfare of others. Moreover, the defendant must be proved indifferent in the face of knowledge that injury or illegality will be the probable result or, in the alternative, that circumstances exist under which the defendant may be chargeable with such knowledge.

Id. (citations omitted).

The Supreme Court of Virginia has further held that in determining the degree of a defendant's negligence, intoxication is relevant as an aggravating factor, increasing with the level of intoxication. Essex v. Commonwealth, 228 Va. 273, 283, 322 S.E.2d 216, 221-22 (1984); see also Huffman v. Love, 245 Va. 311, 315, 427 S.E.2d 357, 360 (1993). Nevertheless, although the Court

> has been consistent in stating that "'[o]ne who knowingly drives [an] automobile on the highway under the influence of intoxicants, in violation of statute, is, of course, negligent[,]'" [Essex, 228 Va. at 282, 322 S.E.2d at 221] (quoting Baker v. Marcus, 201 Va. 905, 910, 114 S.E.2d 617, 621 (1960))[,] [t]he Supreme Court [of Virginia] also has observed that "no case . . . holds that one driving under the influence of an intoxicant must necessarily be driving recklessly." Spickard v. City of Lynchburg, 174 Va. 502, 505, 6 S.E.2d 610, 611 (1940). Thus, while evidence of intoxication is a factor that might bear upon proof of dangerous or reckless driving in a given case, it does not, of itself, prove reckless driving.

Bishop v. Commonwealth, 20 Va. App. 206, 210, 455 S.E.2d 765, 766-67 (1995).

-

Here, Wright conceded to Trooper Bradley that he was driving "too fast." Wright's conduct of driving his car in a manner that was too fast for him to control it properly, was necessarily rendered more culpable because Wright was driving while his intellectual and motor functions were substantially impaired by his voluntary consumption of alcohol and drugs. Indeed, immediately after the accident, Wright admitted he was drunk and despite only slight injury, was behaving in a considerably irrational manner. Accordingly, there was ample evidence on this record to justify the trial court's determination that Wright was guilty of such a callous indifference or disregard for "the rules of law and safety, and of the rights of others, as was incompatible with a proper regard for human life, and amounted to gross, wanton and culpable misconduct." Bell, 170 Va. at 613, 195 S.E. at 682.

Furthermore, we reject Wright's argument that Jenkins v. Commonwealth, 220 Va. 104, 255 S.E.2d 504 (1979), and Tubman v. Commonwealth, 3 Va. App. 267, 348 S.E.2d 871 (1986), compel a different result. The facts presented in those cases are distinguishable from those presented here. In Jenkins, the Court held that the evidence was insufficient to demonstrate recklessness when it demonstrated merely that Jenkins struck a pedestrian while driving "down the center of a narrow, unlighted, unmarked, rural, secondary road in the early morning hours at a time when he was unlikely to encounter other traffic or

-

pedestrians." Jenkins, 220 Va. at 107, 225 S.E.2d at 506. Indeed, the court noted that the evidence proved "Jenkins was driving at a speed well within the posted speed limit," and had not been drinking, or reckless in the operation of his truck. Id. In Tubman, there was also no evidence that the defendant had been drinking, and we found that the evidence merely proved simple negligence where Tubman failed to come to a "complete stop before entering Route 3," causing him to fail to see a motorcycle, "which was admittedly partially obstructed by [a] hedge." Tubman, 3 Va. App. at 275, 348 S.E.2d at 875.

Accordingly, because we find that the trial court's determination that Wright's conduct amounted to criminal negligence, as provided for in Code § 18.2-51.4, was not "plainly wrong or without evidence to support it," we affirm the judgment of the trial court.

Affirmed.

-