COURT OF APPEALS OF VIRGINIA


Present:    Judges McClanahan, Petty and Senior Judge Annunziata
Argued at Alexandria, Virginia


BRIAN PATRICK RILEY

                                                    MEMORANDUM OPINION* BY
v.        Record No. 2409-06-4              JUDGE ELIZABETH A. McCLANAHAN
                                                         ARPIL 8, 2008
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                                    John E. Kloch, Judge

            F. Andrew Carroll, III (Land, Clark, Carroll, Mendelson & Blair,
            P.C., on briefs), for appellant.

            Eugene Murphy, Senior Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        In a bench trial, Brian Patrick Riley was convicted of driving while intoxicated in

violation of Code § 18.2-266, and maiming another as a result of driving while intoxicated in

violation of Code § 18.2-51.4.  The trial judge sentenced Riley to terms of two years

imprisonment for the maiming and twelve months for driving while intoxicated, suspending all

but six months of each sentence.  On appeal, Riley contends:  (i) the trial court erred in rejecting

his unconsciousness defense as to both charges; and (ii) there was insufficient evidence for the

maiming charge.  For the following reasons, we affirm the convictions.

                                        I.  BACKGROUND

        We review the evidence, and all fair inferences to be drawn from it, in the light most

favorable to the Commonwealth.  Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781,

786 (2003).  Riley drove his vehicle into the victim, struck two other vehicles, ran off the road

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

onto the grass, and struck a tree. A witness heard no braking. The victim sustained serious injuries to both her legs, which required amputation of her left leg.

On the day of the accident, Riley said he took "probably three pills" of Ambien and the next thing he definitely remembered was being in jail, although he had some vague recollections of the hospital. Riley had .04 mg per liter of diphenhydramine, .06 mg per liter of propoxyphene, and 0.56 mg per liter of Zolpidem in his blood. Zolpidem is a sleeping pill sold under the trade name Ambien, a prescription hypnotic drug. The expert testimony indicated that a normal-sized person would have to take four Ambiens in order to achieve a .56 mg level about an hour and a half later. Riley's condition was consistent with an excessive dose of Zolpidem. A single dose of Zolpidem will impair one's ability to drive.

At the time Riley took the pills, he did not have a prescription for them, and was routinely taking medication without a prescription. When he did have a prescription, one pill was prescribed, and he was told not to take Ambien with other medications.

## II. ANALYSIS

### A.

As to both convictions, Riley argues he established as a matter of law that, because he was sleepwalking, he was unconscious and, therefore, could not be guilty of either offense. Thus, he contends, the trial court erred in rejecting his affirmative defense of unconsciousness. We disagree.

First, the trial court did not find that Riley was sleepwalking at the time of the accident.[1] Second, an affirmative defense of unconsciousness, as an excuse for what would otherwise be criminal conduct due to intoxication, is only available where the intoxication was not

---

[1] In his decision, the trial judge stated that even if Riley had been sleepwalking, his defense would not be successful because of his "sleepwalking *if, in fact, he was*." (Emphasis added.)

- 2 -

self-induced. Greenfield v. Commonwealth, 214 Va. 710, 714, 204 S.E.2d 414, 417-18 (1974); see State v. Fields, 376 S.E.2d 740, 743-45 (N.C. 1989). Here, there is no dispute Riley, without a prescription, intentionally ingested at least four or five times the amount of Ambien ordinarily prescribed. The trial judge stated that it was "uncontested and clear that he took a significant overdose *voluntarily* coupled with two other drugs" and then drove his car. (Emphasis added.) Accordingly, the trial judge concluded this was a case of "voluntary intoxication." See Chittum v. Commonwealth, 211 Va. 12, 17, 174 S.E.2d 779, 782 (1970) (In a case where defendant alleged voluntary intoxication from alcohol, the Virginia Supreme Court affirmed a jury instruction providing that "[a] person cannot voluntarily make himself so drunk as to become on that account irresponsible for his conduct during such drunkenness. He may be perfectly unconscious of what he does and yet be responsible.").

The affirmative defense of unconsciousness was, therefore, unavailable to Riley as a matter of law.

B.

Riley next argues the evidence was insufficient for the conviction of maiming another as a result of driving while intoxicated, in violation of Code § 18.2-51.4. When reviewing a challenge to the sufficiency of the evidence, "the judgment of the trial court sitting without a jury is entitled to the same weight as a jury verdict." Saunders v. Commonwealth, 242 Va. 107, 113, 406 S.E.2d 39, 42 (1991) (citation and internal quotation marks omitted). Thus, this Court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original) (internal citations omitted). Rather, "the relevant question is whether . . . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319

- 3 -

(emphasis in original).  See Seaton v. Commonwealth, 42 Va. App. 739, 746-48, 595 S.E.2d 9, 12-13 (2004).

Code § 18.2-51.4 provides, in pertinent part, that

> [a]ny person who, as a result of driving while intoxicated . . . in a manner so gross, wanton and culpable as to show a reckless disregard for human life, unintentionally causes the serious bodily injury of another person resulting in permanent and significant physical impairment shall be guilty of a Class 6 felony.

Code § 18.2-51.4(A).  By these terms, the statute incorporates a culpability standard of common law criminal negligence.  Wright v. Commonwealth, 39 Va. App. 698, 703, 576 S.E.2d 242, 244 (2003).  In Wright, we explained, in reference to Code § 18.2-51.4(A), that "criminal negligence in terms of 'gross negligence,'" is conduct

> accompanied by acts of commission or omission of a wanton or willful nature, showing a reckless or indifferent disregard of the rights of others, under circumstances reasonably calculated to produce injury, or which make it not improbable that injury will be occasioned, and the offender knows, or is charged with the knowledge of, the probable result of his acts.

Id. (citations and internal quotation marks omitted).

The dispositive issue in this case is whether there was sufficient evidence for a rational trier of fact to find beyond a reasonable doubt that Riley, in reckless disregard of the rights of others, either knew or should have known, the probable consequences of voluntarily ingesting an overdose of a prescription drug for sleeping (without a prescription).

> This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  It also ensures that we remain faithful to our duty not to substitute our judgment for that of the trier of fact, even were our opinion to differ.

Seaton, 42 Va. App. at 747-48, 595 S.E.2d at 13 (citations and internal quotation marks omitted).

- 4 -

After voluntarily ingesting an overdose of sleeping pills, in an intoxicated state, Riley drove into the victim, other vehicles, and a tree without any apparent braking. The victim sustained serious injuries to both her legs, which required amputation of her left leg. Riley had a long history of sleep disorders, sleepwalking episodes, and bizarre behavior during those episodes. Ms. Walck, Riley's live-in girlfriend/fiancée of five years, testified that Riley had sleep deprivation problems, had at least seven prior sleepwalking episodes lasting for ten minutes to three hours, abused sleeping pills in the past, and such abuse created a problem in their relationship. The defendant also testified that he suffered from sleepwalking and remembers nothing while he is sleepwalking. [2]

In light of the totality of the circumstances, we conclude that the trial court did not err in finding Riley guilty of maiming another as a result of driving while intoxicated.

For these reasons, we affirm Riley's convictions.

Affirmed.

---

[2] Though the trial court made no finding that Riley was sleepwalking on the night in question (see, *infra*, footnote 1), and such a finding was not necessary since the affirmative defense of unconsciousness was not available to Riley, evidence of prior sleepwalking episodes with bizarre behavior, when taking sleeping pills, is nevertheless relevant to the sufficiency question. Such prior behavior supports Riley's knowledge of the probable result of his acts.